## JOHN MULHADO *v.* THE BROOKLYN CITY RAILROAD COMPANY.

Where the plaintiff, a passenger upon a city railroad car, indicated his wish to alight at the place where the car was then stopping, by requesting the driver to keep on the brake, who replied " yes sir," but instead of suffering the car to remain stationary until the plaintiff should alight, he turned the brake and set the car in motion, thereby precipitating the plaintiff, (who was in the act of alighting,) from the car into the street, thereby causing an injury; *Held* that if the jury believed the evidence they were justified in finding the driver guilty of negligence; and that it was not the province of the court to discredit it, and nonsuit the plaintiff.

*Held, also,* that the plaintiff was not chargeable with any fault in that he did not prefer the request to the conductor, to stop the cars, instead of to the driver.

*Held, further,* that there was no fault in the attempt of the plaintiff to get off the front platform, instead of the rear one; he having got on at the front platform without objection; and it not appearing that any notice was given to passengers that they must not get off at the front platform.

In an action to recover damages for a personal injury, there is no valid objection to the exhibition of the injured limb, by the plaintiff, to the surgeon called to describe the injury, before the jury.

*Appeal from a judgment of the general term of the Supreme Court, affirming the judgment of a speciel term rendered upon the verdict of a jury.*

THE facts appear in the following opinions:

——————, for the appellant.

*H. Morrison,* for the respondent.

DAVIES, J. This action is brought to recover damages sustained by the plaintiff in consequence of the negligence of the defendants' agents. The plaintiff was a passenger on the cars of the defendants. The car stopped, and the plaintiff wishing to get out, asked the driver where the car was stopping. He replied, at the corner of Degraw street. The plaintiff said to the driver, " be so kind as to keep your brake." He replied, " yes, sir." The plaintiff then stood up. The driver was in front, and the plaintiff

was behind him. The car started, the driver having turned the brake, and the plaintiff fell forward and was injured. This is the version of the transaction as given by the plaintiff, and it is the one which the jury must have credited. They found a verdict of $900 for the plaintiff, and judgment was entered thereon, which was affirmed at the general term. It is claimed, on the part of the defendants, that the motion for non-suit should have been granted, as there was no evidence of negligence on the part of the defendants. This can not be justly said if the statement of the plaintiff was to be believed. He clearly indicated by his acts and words that he wished to alight from the car, at the point where it was then stopping. He made the request to the driver to keep on the brake, and such request could only be understood in the sense that he wished to get out, and desired the car to remain stationary until that was accomplished. The driver, instead of complying with this reasonable request, immediately, and while the plaintiff was in the act of alighting from the car, turned the brake and set the car in motion, thereby precipitating the plaintiff from the car into the street, causing the injury. If the jury believed this evidence, they were justified in finding the driver guilty of negligence; and it was not the province of the court to discredit it, and non-suit the plaintiff. It is also urged that the plaintiff was not free from fault, in that he did not prefer the request to the conductor to stop the car, instead of the driver. It is difficult to predicate any fault in the plaintiff from this circumstance. It is to be inferred that he was near the driver. He saw he had control of the brake, and it was natural that the request to continue the stationary condition of the car should, under the circumstances, be preferred to him. If it had been made to the conductor, who is usually stationed at the other end of the car, he would have had to communicate it to the driver either by sounding the bell or verbally. It cannot, therefore, be said the plaintiff was in fault, and himself contri-

buting to the accident, by reason of making the request to the driver to hold on the brake until he got off, rather than to the conductor. Neither was there any fault in the attempt of the plaintiff to get off the front platform instead of the rear. It does not appear that any notice was given to passengers that they must not get off of the front platform; and as it appeared that the plaintiff got on the car at the front platform, without objection from the driver, he might well have supposed, from the absence of any notice of the kind indicated, and from the circumstance that he got on at the front platform without objection, that it was an unobjectionable place to leave the car. The attempt of the plaintiff to alight from the car was made while it was stationary. The setting it in motion before he had accomplished that was the cause of the injury, and which was clearly negligence on the part of the defendants' agent.

There is no force in the exception that the physician called to describe the injury to the plaintiff's arm should not have exhibited to him, in the presence of the jury, the arm so injured. Such exhibition certainly tended to make the description of the injury more intelligible, and it cannot be supposed that it could have had any undue influence upon the feelings or sympathies of the jury. As well might it be contended that a man who had lost an arm or a leg, by a similar injury, should not be permitted to appear before a jury to testify in relation to it, lest thereby their feelings might be influenced, and under the undue excitement created thereby they might do injustice. We cannot assume that any such consequences will follow such a course of examination; and we can not perceive that it was objectionable in the present instance.

The judgment must be affirmed, with costs.

Selden, J. No good reason is shown for the reversal of this judgment. The jury have found, as they had the right to do, that the injury was occasioned in the manner

testified to by the plaintiff. It was clearly a question for them to determine, under all the facts and circumstances of the case, whether the plaintiff was guilty of any negligence in undertaking to leave the car in the manner testified to by himself, and whether the defendant was guilty of negligence in permitting the car to be started while the plaintiff was in the act of leaving it. I think the verdict is right on both points, and justified by the evidence. It was clearly no case for a non-suit. Certainly it cannot, as matter of law, be regarded as negligent in a party to get off, even from the front end of a street car while it is standing, after he has requested the driver to hold his brake for that purpose, and has received his assurance that he will do so. Nor can it be held, as matter of law, that the defendant was free from negligence in allowing the cars to be started after this, while the plaintiff was in the act of getting off. It was a question of fact, and the conclusion of fact was to be drawn from a variety of facts and circumstances, neither of which was, in itself, clear and decisive. This is always the province of a jury. It was for them to consider what was intended and understood both by the plaintiff and the driver by the request and the assent proved, and to determine the weight and force of all the circumstances tending to the conclusion of the fact of negligence.

There is no force in the objection, to the exhibition of the injured limb by the plaintiff, to the surgeon, before the jury.

The judgment should be affirmed.

All the judges concurring, judgment affirmed.