By the Court. —Sedgwick, Ch. J
The. plaintiff was a witness on her own behalf. At the end of her cross-examination, the counsel for defendant- asked permission to have Dr. Banney, a physician in attendance on the part of defendant, examine the plaintiff’s arm. The plaintiff’s counsel objected, on the ground that the application was too late. The court refused the permission or denied the application, because, if the defendant had a right to such an examination, the defendant should have applied for it before that time.
The court, from the nature of its decision, must have understood that the examination, for which permission was asked, was intended to be an investigation by the physician, to-be made by him independently of the then *381 proceeding talcing of testimony. This understanding agreed with the form of the request. The request did not in its form or substance indicate otherwise than that the physician would go to the witness when on the stand, and malee such an examination as a physician would judge to be right and sufficient, involving, probably, questions to the witness. It is unnecessary to give reasons for holding that such an examination is not a part of the trial of the issues before a jury, and that it is too late to apply for it after the trial has gone so far as it had in this instance— if, which is doubtful, the defendant would have a right to such an examination at any time.
The defendant might have asked the physician to take a position near the witness’ stand, and at which he could observe the arm of the witness if she should exhibit it in response to questions, and the counsel might have asked her to show her arm, and then put questions such as were proper, under the control of the court, for the information of a physician whose opinion was about to be obtained when called as a witness. This would have been more analogous to the case of Mulhado v. Brooklyn City R. Co. (30 N. Y. 370), than the present case. If such a proceeding were taken, the points would be whether the questions were admissible and whether the physician should be allowed to take or keep the position near the witness. Anything more than this would not be permissible before the jury. The physician would not be under oath, and if he should do or say anything that would bias the mind of the jury, the plaintiff’s rights would be infringed. It is not proper now to decide more than is necessary to determine the nature of the exception in this case. It does not call for a reversal of the judgment.
The other exceptions have been examined, as well as the claim that the damages are excessive: They must be held to be insufficient.
Judgment affirmed, with costs.
Van Vorst, J., concurred.