McAdam, C. J.
—Two objections are urged against the judgment, and they will be considered in the order in which they were made.
(1) The plaintiff testified that there was a hole in Ms leg, that it had been in that condition since the accident. He was requested to show the jury the leg that was injured, and the trial judge permitted him to do so under the defendant’s objection.
The exception to this ruling is the first error assigned. The action of the trial judge is supported by the authorities. Mulhado v. Brooklyn City Railroad Company, 30 N. Y., 370; Jordan v. Bowen, 46 N. Y. Superior Ct. Rep, 355; Hiller v. Village, etc., 28 Hun, 344. Ocular demonstration of this character is weighty evidence, and in this case made intelligible to the jury, the testimony of the witnesses as to the extent of the injuries. The exhibition of the leg was proper, for as the court of appeals said, in Mulhado v. Brooklyn City Railroad Co. (supra): “ As well might it be contended that a man, who had lost an arm or a leg, by a similar injury, should not be permitted to appear before a jury to testify in relation to it,” as to prevent a party from exhibiting the living effect of a smaller injury.
(2) The second error assigned is presented by an exception to the refusal of the trial judge to charge in the language of the request, “that the jury can give, if any, only nominal damages for the plaintiff’s loss of time, and no damages for any permanent injury.” The trial judge said in answer to this request: “ I charge you that there is no proof of value of any time the plaintiff lost. In regard to the second part, there is no proof before you of any permanent injury to the plaintiff’s leg.”
The jury had been sworn to find a true verdict according to the evidence, and the trial judge told them there was no evidence whatever of the value of time lost or permanent injury, and in his charge instructed them to allow for the injury sustained, the pain and anguish suffered and what *654 ever loss, in view of the evidence in the case, arose from the .injury. The rule is that if the charge, as a whole, conveys to the jury the correct rule of law upon a given question, the judgment will not be reversed. If the language used is capable of different constructions, that one will be adopted which will lead to an affirmance of the judgment, unless it fairly appeal’s the jury were, or at least might have been misled. Caldwell v. N. J. Steamboat Co., 47 N. Y., 282; Losee v. Buchanan, 51 id., 492; Rexter v. Starin, 73 id., 601.
Taking the charge and the request together, the trial judge, in effect, told the jury to allow no damages not warranted by the evidence, and that there was no evidence in this case of the value of lost time or of permanent injury. This, by necessary implication, gave the jury, in a different form, the very direction the defendant requested. But even if this were not so, there is no error. The plaintiff was engaged in canvassing at the time of the injury, and had previously been conductor on the Avenue B cars. There was nothing in his vocation that suggested great loss of income or of gains expected, and his humble condition in life, with his casual employments in the different fields of labor, together with the character of the injury suffered, were all of them proper matters for consideration by the jury in estimating the general damages to be awarded. The fact that the plaintiff’s employment was not of that permanent character, with fixed compensation as to show with reasonable certainty what his future income would have been, may perhaps account for the non-production of proof upon this subject. We think the trial judge charged the proposition requested, as favorably to the defendant as the case permitted. He would hardly have been justified in instructing the jury that they might altogether disregard the question of lost time, and this is practically what a direction to allow nominal damages only implies. In cases of this character special damages for lost time and future profits are sometimes the main instead of the incidental feature of the case. Thus in Walker v. The Erie R. R. Co. (63 Barb., 260) it was held to be competent for the plaintiff to prove that the business of a law firm of which he was a member was extensive and lucrative and had yielded the previous year $37,000, of which his share was one-half. The jury awarded $20,000 damages and the refusal to set aside the verdict was affirmed.
In the present case, the value of the lost time was regarded as incidental only and of too light'a character to be deemed worthy of specific proof. The evidence as to the character of the plaintiff’s employment, however, was properly received under the adjudicated cases. In Ne *655 braska City v. Campbell (2 Black, 590) it was held that proof that the plaintiff was a physician and the extent of his practice was competent. In Wade v. Leroy (20 How. [U. S.,] 34), the plaintiff offered to prove “that before and up to the time of the alleged injury, the particular business in which he was engaged was that of a distiller and manufacturer of turpentine, and that he was largely and extensively engaged in the business.”
The court held the proof to be competent, saying: “ It conduces to prove that the plaintiff’s time was of some pecuniary value or that he had suffered a loss of some profit.
There was no attempt in either of these cases to show what the value of the loss was, and yet the court held that the evidence was relevant and pertinent to enable the jury with some degree of certainty to ascertain the direct and necessary damages sustained from the injuries. Proof of this kind would hardly be offered if its only effect was to entitle the party to a nominal recovery of six cents, for he would be entitled to this implied damage without any proof on the subject at all.
The court of appeals in Masterson v. The Village, etc. (58 N. Y., 291), in construing Lincoln v. Saratoga R. R. Co. (23 Wend., 425), said, it was there held “that the plaintiff might prove that he was engaged in the dry goods business and the extent, although there was no attempt to prove the past profits of the business, with a view to show what the future would be.”
In the case reported in 23 Wend, (supra), the court said :' “ Even with the jury, the damages beyond the actual expenses out, can at best rise but little above conjecture; it is so in every case where they are called upon to estimate the loss of the plaintiff’s time. How serviceable it might have been to him, depends upon a calculation of the chances and viscissitudes of life, the casualties and fluctuations of business, utterly beyond the reach of human foresight. The most they can do is to bring to the discharge of their duties a careful and diligent consideration of the particular case, a knowledge and experience of the general condition and business affairs of mankind, to which all are more or less subject, a sound and enlightened judgment, and honest desire to arrive at the truth, and justice between the parties.” It is clear that there is no precise rule which a jury can adopt in estimating damages in a case of this kind. They are to pay due regard to all the facts and circumstances, and these should not be withheld from their consideration. The question should always be left to their good sense, judgment and experience, upon the whole case; and when the question has been fairly submitted and the *656 damages are not excessive, their verdict should not be disturbed. The verdict in this case is moderate in amount; the issues were fairly tried; and as the two objections urged against the verdict do not require a new trial, the judgment must be affirmed, with costs.
Nehrbas, J., concurs.