THE WESTERN UNION TELEGRAPH CO. v. JESSE C. CRALL.

TELEGRAPH COMPANY — *Error in Sending Message — Speculative Damages.*
In an action against a telegraph company for damages resulting from
an inaccurate transmission of a message, damages cannot be recov-
ered on account of the loss of anticipated gains or profits, based
upon the probability of the horse of the plaintiff being able to win
prize purses at a trotting race. Such damages are too remote, con-
tingent, and speculative.

*Motion for Rehearing.*

The facts are stated in *Telegraph Co. v. Crall,* 38 Kas. 679,
*et seq.,* and in the opinion herein, filed at the June, 1888, ses-
sion of the court.

*Waggener, Martin & Orr,* for plaintiff in error.

*Tomlinson & Eaton,* for defendant in error.

*Per Curiam:* A motion for a rehearing has been filed in
this case, and the principal question made upon the presenta-
tion of the motion is, that the trial court erroneously allowed
in its assessment of damages one hundred dollars as the value
of the use of the horse, over and above the expenses of his
keeping. A reëxamination of the record shows that two
witnesses testified that the horse was worth ten dollars per
day. This furnished the basis for the item of one hundred
dollars allowed by the trial court. Upon cross-examination,
both of these witnesses testified that the horse was intended
to be used at the fair at Valley Falls the week that it was
detained at Neosho Falls. Upon this matter, the witnesses
testified as follows:

"*Ques.:* You say this horse was worth ten dollars a day to
you; in what way do you estimate the use of him? *Ans.:*
What I could have made with the horse at that fair that week
in Valley Falls.

"Q. By competing for this purse? A. Yes, sir; the first
horse gets the first purse, and the second the second purse.

"Q. That is the way you base the value, upon the probabil-

ity of you winning this purse? A. Yes, sir; the horse would not be worth that much to me in the livery stable.

"Q. Please state what a trotting horse like or similar to 'Bones' was worth per day in September, 1883, in the market. A. I suppose he would be worth about ten dollars per day for that kind of work.

"Q. For what purpose did he have any value in the market per day? A. For trotting in purses offered at the different fairs.

"Q. Then he had no other value except for trotting? A. Not while I had him."

The law excludes uncertain and contingent profits, and also speculative profits or gains. No damages ought to have been allowed, based upon the probability of the horse being able to win prize purses in trotting races. (*Telegraph Co. v. Hall*, [S. C. U. S.,] 8 Sup. Ct. Rep. 577, and the authorities there cited.)

If the plaintiff below consents that one hundred dollars be remitted from the judgment rendered by the court, the judgment may be affirmed, thus modified; otherwise, a new trial will be granted. The plaintiff in error will recover all its costs in this court.