# COURT OF COMMON PLEAS OF BALTIMORE CITY

Filed October 15, 1897

CLARA I. WALTER
VS.
THE BALTIMORE TRACTION CO.

*John H. Walraven* and *Charles R. Schirm* for plaintiff.

*Fielder C. Slingluff* and *Eugene H. Harris* for defendant.

HARLAN, C. J.—

Upon application made, at the instance of the defendant, during the cross-examination of the plaintiff, to require her to submit her person to a private examination by a physician, that may be deemed competent by the Court, the Court (HARLAN, C. J.) ruled as follows:

Inasmuch as the practice of other Courts in this circuit has been referred to, I have deemed it my duty to advise with those members of the Bench who have had this question brought before them.

I find that in the case alluded to before Judge Wright, Judge Wright gave it as his opinion that the examination was one that ought to be submitted to, and upon that opinion having been indicated the plaintiff in that case did submit to an examination. Judge Wright, however. did not determine that he had the power to compel the examination. nor did he determine what steps should be taken by the Court in the event of the plaintiff having been ordered to submit to an examination and refusing. I find that when the question was raised before Judge Phelps, in the Baltimore City Court, upon an application to have an examination before trial, and after full argument, Judge Phelps declined to require the examination. I find that in a case where an application was made before trial before the Judge at Large, Judge Dobler, to have the plaintiff submit to an examination, the question was not passed upon, but after the application was made, by agreement between the parties, an examination was had, and it was not an examination by compulsion of Court.

So that it has never been decided, as I understand it, that a plaintiff can be compelled to submit to an examination of his or her person in any of the common law Courts of Baltimore City.

Now, the authority which has been referred to, in support of the application in the American and English railroad cases; Volume 18, page 213, the case of White vs. The Milwaukee City Railway Company, was decided in 1884. Thompson on Trials, has also been referred to. This work was published in 1889. Subsequent to that time the question came before the Supreme Court of the United States in 141 U. S., page 251, the case of the Union Pacific Railroad vs. Botsford, and was carefully considered. In that case an application was made to the Court to require the plaintiff to submit to an examination before the trial, and the Court decided that the Circuit Court of the United States had no power to order a plaintiff, in an action for injuries to the person, to submit to an examination in advance of the trial. Mr. Justice Gray delivered the opinion of the Court, and used this language:

"We concur with the Circuit Court, holding that it had no legal right or power to make and enforce such an order. No right is held more sacred or is more carefully guarded by the common law than the right of every individual to the possession and control of his own person free from the restraint or interference of others. unless by clear and unquestionable authority of law. As well said by Judge Cooley, 'The right to one's person may be said to be a right of complete immunity, to be let alone'."

"The inviolability of the person is as much invaded by a compulsory stripping and exposure as by a blow. To

compel anyone, and especially a woman, to lay bare the body, or submit it to the touch of a stranger, without lawful authority, is an indignity, an assault and a trespass; and no order or process commanding such an exposure or submission was ever known to the common law in the administration of justice between individuals, except in a very small number of cases based upon special reasons and upon ancient practice, coming down from ruder ages, now mostly obsolete in England, and never, so far as we are aware, introduced into this country." * * *

"In the English Common Law Procedure Act of 1854, enlarging the powers which the Court had before, and authorizing them on the application of either party, to make an order 'for the inspection by the jury or by himself, or by his witnesses, of any real or personal property, the inspection of which may be material to the proper determination of the question in dispute' the omission to mention inspection of the person is significant evidence that no such inspection, without consent, was allowed by the law of England."

And I would say in passing that the above provision of the English Common Procedure Act has been almost identically adopted in this State, and there is no mention made in the statute of this State as to the inspection of the person. Code P. G. Laws, Art. 75, Sec. 93. The Supreme Court then proceeds:

"In the case at bar it was argued that the plaintiff in an action for personal injuries may be permitted by the Court, as in Mulhano vs. Brooklyn Railroad, 30 N. Y. 370, to exhibit his wounds to the jury in order to show their nature or extent and to enable a surgeon to testify on that subject; and therefore may be required by the Court to do the same thing, for the same purpose, upon the motion of the defendant. But the answer to this is, that anyone may expose his body, if he chooses, with a due regard to decency and with the permission of this Court; but that he cannot be compelled to do so, in a civil action, without his consent. If he unreasonably refuses to show his injuries when asked to do so, that fact may be considered by the jury as bearing upon his good faith, as in any other case of a party declaring to produce the best evidence in his power."

It seems to me that in as far as this Court has the right to go; it seems to me that is the law today; that the plaintiff may be asked to submit to an examination, and if there is a refusal, it is a matter that may be considered by the jury, but the Court cannot order her to consent. It is proper, perhaps, that I should say there was a very vigorous dissenting opinion in the 141 U. S. by Mr. Justice Brewer, concurred in by Mr. Justice Brown. The application will be refused.