## North Chicago St. R. R. Co. v. Lambert Kaspers, a Minor, by His Next Friend.

1. NEGLIGENCE—*What Is Not.*—It is not negligence *per se* to board a cable car while it is in motion.

2. SAME—*Question of Fact for the Jury.*—Whether it is negligence to board a cable car while in motion, is a question of fact for the jury to determine from all the evidence in the case.

3. VERDICTS—*When They Will Not Be Set Aside.*—Where there is competent testimony, fairly tending to sustain a verdict, courts will not set it aside solely because it seems to be contrary to the weight of evidence.

**Action in Case,** for personal injuries.   Trial in the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding.   Verdict and judgment for plaintiff; appeal by defendant.   Heard in the Branch Appellate Court at the October term, 1898.   Affirmed.   Opinion filed October 27, 1899.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

FRANCIS J. WOOLLEY, attorney for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This is an action to recover damages for personal injuries

alleged to have been sustained by appellee through the negligence of appellant.

The judgment and the verdict thereon are for the sum of $5,000. It is contended by counsel for appellant that such judgment is excessive. At the time of the injury appellee was fourteen and one-half years old. He suffered a compound comminuted fracture of his left leg, about two or three inches above the ankle. Some pieces of the bone of the leg are gone. As a result of the injury the left foot is carried inward, so that in walking the weight would come upon the outside of the foot—the left leg is from half an inch to an inch shortened—and the use and action of that foot is limited. Appellee was confined in the hospital thirteen weeks, and for some time thereafter had to use crutches. He suffered great pain, and the leg was weak and still was painful at the time of the trial, over two years after the injury.

It was not an ordinary simple fracture of the leg. We can not say, under the facts and the circumstances of this case, that the verdict is so excessive as to warrant a reversal of the judgment by this court.

It is also urged by appellant that the verdict and judgment are contrary to the evidence. It appears that appellant operated a line of street railway, in one part of which the motive power was electricity, transmitted by an overhead wire, the cars being called trolley cars, and in the other part the motive power was steam, transmitted by an underground cable, the cars being called cable cars. Appellee was first upon the trolley car, where he paid his fare and received a transfer ticket for the cable car. When appellee was passing from the trolley car to the cable car at the point of transfer, and when he was about twenty feet from it, the cable train started. Appellee ran to get upon it. He not only ran the twenty feet, but ran the length of three cars, in the same direction the train was moving, and got upon the front end of the third car from the rear in the train. The train must have been, it was, moving very slowly. Appellee having got upon the step at the front

end of the car, and just as he was stepping therefrom upon the front platform, there was a "sudden jerk," by which he was thrown back and off the car. He was a passenger and entitled to the rights and protection due to a passenger. He was injured by being thrown from the car to the street pavement.

It is not negligence *per se* to board a cable car while in motion. (Cicero St. Ry. Co. v. Meixner, 160 Ill. 320, 325.) It is a question of fact for the jury to determine from all the evidence in the case.

In N. Chicago St. Ry. Co. v. Wiswell, 168 Ill. 613, 615, Mr. Chief Justice Phillips, speaking for the court, says:

"In large and populous cities, where cars are constantly receiving and discharging passengers at crossings, it is a well-known fact that many of such passengers board cars and alight therefrom before such cars have come to a full stop, and that they do so usually with perfect safety. It is well known, also, that street car companies tacitly invite many passengers to board and alight from their cars by checking up to a slow rate of speed, and immediately starting up at a greater speed when the passenger is safely aboard or has alighted. It would be impossible for a court to lay down a rule as to what particular rate of speed would be sufficient notice to a passenger that if he attempted to get on or off he would be guilty of contributory negligence. It would also be a great hardship, and unjust, to lay down a general rule that a passenger attempting to board a street car while in motion at all should be held in contributory negligence."

The same may be said as to getting on or off at the front end of a street car or being upon the front platform. Whether appellee was guilty of contributory negligence, or was in the exercise of ordinary care, and whether appellant by its employes, was guilty of negligence which caused the injury complained of, when the testimony is conflicting, are questions of fact for the jury. It is the well-settled law in this State that where there is competent testimony, fairly tending to sustain the verdict, courts will not set aside the finding of the jury solely because it seems to be contrary to the weight of evidence. The verdict for appellee in this case is not "so overwhelmed by opposing evidence" that

this court can say that it "is so glaringly wrong" that we have a right to disturb it.

It is also urged on behalf of appellant that the trial court erred in the admission of testimony and in instructing the jury. After a careful examination of the record we are of opinion that these objections are not well founded.

Appellee was permitted to show the usage at the point of transfer where he was injured, as to passengers getting upon the cars while they were slowly moving, etc. There was no error in this under the facts and circumstances of the case.

These questions, as they appear in this record, are such that it can be of no value outside of this case for this court to consider them at length.

Perceiving no error which would justify a reversal in this case, the judgment of the Superior Court is affirmed.