CHARLES E. SNIPES v. NORFOLK AND SOUTHERN RAILROAD COMPANY.

(Filed 19 February, 1907).

1. **Street Railways—Relation of Passenger—His Right.**—A person who has appropriately indicated his desire to become a passenger on a street car, whatever his destination, and who, in good faith, is in the act of boarding it when stationary at its regular stopping place, is entitled to all the rights of a passenger, and such person is not bound to prepare for, or anticipate, a sudden starting of the car.

2. **Care Required of Conductor.**—The conductor of a street car is not excused by his failure to observe that all passengers are not safely on board, and by his not seeing an intended passenger in the act of boarding, before giving the signal to start.

3. **Exceptions—Record—Brief.**—Exceptions noted of record and generally referred to in the brief as being relied on without specifying the contention of error, will not be considered.

CIVIL ACTION, tried before *Neal, J.,* and a jury, November Term, 1906, HALIFAX Superior Court. The defendant demurred *ore tenus* to the complaint. Demurrer overruled, and defendant excepted.

Plaintiff alleged that on 1 October, 1905, while he was in the act of boarding defendant's trolley car, at Virginia Beach, in the State of Virginia, the employees in charge of the car, without notice or warning, suddenly started the car, jerking plaintiff down; that he was thrown under the moving car and injured, whereby it became necessary to amputate his arm. Defendant denied that plaintiff, at the time of the injury, was a passenger. It also denied any negligence, and alleged that plaintiff by his own negligence contributed to the injury. The usual and appropriate issues were submitted to the jury. From a verdict and judgment for plaintiff, defendant appealed. The exceptions are set out in the opinion.

*Daniel, Travis & Kitchin* for plaintiff.
*Day, Bell & Dunn, Murray Allen* and *Aycock & Daniels* for defendants.

CONNOR, J., after stating the case: There was testimony tending to show that on the day upon which the plaintiff was injured, he, together with two companions, were at Virginia Beach and desired to return to Norfolk over defendant's road. They passed the depot and took seats in a car on the side-track, remaining there some twenty minutes. When the car came in from Norfolk going to Twenty-fourth Street Station, it stopped at Seventeenth Street Station to permit passengers to alight and get on, remaining there two or three minutes. While plaintiff was on the car on the side-

track, the other car, with a trailer, ran up between him and the depot.   One of his companions asked the motorman which car was going to Norfolk first, and was told "This one"; he passed in front of it, and when he was on the side, being an open summer car, with step extending entire length, and had gone two-thirds its distance, took hold of the upright with his right hand and put his foot on the step to board the car, when it suddenly started, throwing plaintiff off and jerking him around so that his arm caught under the car, etc.

The defendant's contention, that at the time of the injury plaintiff was not a passenger, and that, therefore, defendant owed him no duty, is presented by appropriate motions, followed by requests for instruction.   It appears that defendant's trolley is operated upon what is termed the Zone System, in the manner described by the witnesses.   The defendant's testimony tended to show that the car which plaintiff attempted to board was not going in the direction of Norfolk, but to Twenty-fourth Street.   It appears that persons desiring to go to Norfolk board the car at Seventeenth Street going to Twenty-fourth and returning by Seventeenth Street, their purpose being to avoid the crowd—securing seats at Twenty-fourth Street.   It was in evidence that on the day of the accident several persons did so.

The defendant's counsel earnestly contend that as plaintiff intended going to Norfolk, the car which he attempted to board not heading in that direction, he was not, at the time of his injury, a passenger.   The relative rights and duties of persons, who are either on or in the act of boarding a street car, and the employees of the company, have been so recently and clearly discussed and stated by this Court in *Clark v. Traction Co.,* 138 N. C., 77, in which *Mr. Justice Brown* cites the authorities and draws the conclusions therefrom, that we do not deem it necessary to do more than refer to the opinion, and apply the law to the facts of this case.

His Honor instructed the jury: "Whenever a person goes to the usual stopping station of a street railway, intending in good faith to take passage, and informs the motorman or conductor, by either word or signal, that he wants passage, or if the car is standing still, and he indicates by his movements in very close proximity to the car, near enough to touch it, that he is trying to board the car, then he becomes entitled to all the rights of a passenger, even before he secures a seat, and the conductor should give him the rights of a passenger. It is the duty of a street car conductor to know when he starts his car that no person attempting to embark is, at that moment, with one foot on the platform and the other on the ground and with his hand on the railing, in the act of getting on board, or is otherwise in a position of danger. It is the duty of the conductor, before giving signal to start, to look around and see that all passengers to take passage at that place are safely on board, and failure to do so is not excused by the fact that he does not see an intending passenger. The passenger has the right to rely upon the care and protection of the company's employees, and he is not bound to prepare for or even anticipate a sudden and unexpected start of the car." To this instruction defendant excepts. We find no error in the instruction. The measure of duty on the part of the defendant, laid down for the guidance of the jury, is in strict accordance with the best-considered authorities and with the reason of the thing. His Honor followed this instruction with a clear presentation of the defendant's contention, to which there is no exception. The "intending passenger" is not required to procure a ticket, nor is any provision usually made for his doing so. It is immaterial to the conductor, unless asked, whether he is taking the car going to his proposed destination. The stopping of the car at the usual and appointed place is an invitation to all persons desiring to do so, to board it, and when he indicates his purpose,

in any appropriate way, the invitation is thereby accepted, establishing the relation of passenger and carrier, with all of its reciprocal rights and duties. His Honor correctly interpreted and applied the law. The jury found the facts, and unless there was error in other respects, the appeal cannot be sustained.

The record contains thirty-nine exceptions. Many of them are pointed to paragraphs of his Honor's statement of the contentions of the parties, containing no proposition of law. The brief, while in the most general way, suggests that they are relied upon, makes no suggestion that there is any error in either statement or the form of expression used. It is not very clear to us why exceptions of this character are put in the record. They do not contain any "question of law or legal inference," and are not, therefore, within the scope of our investigation. For failure to state a contention of the appellant, no exception will lie unless based upon a request to the Judge to state such contention. For an unfair, prejudicial statement of a contention, an exception, if properly made, will be sustained. We find no suggestion of such error in the record or the brief. While it is stated in the brief that defendant relies upon a large number of exceptions referred to by number only, no error is pointed out or suggested otherwise than by the statement that they are relied upon and assigned for error. We do not think that the record in this respect conforms to the rules of the Court. Rule 19 (2). In view of the rule that exceptions not relied upon in the brief will be deemed waived, it is unfair to appellee for the Court to consider exceptions grouped in large numbers without suggestion as to the alleged error complained of.

We have examined the entire record and find no error. His Honor's rulings in all respects conform to well-settled principles of law and procedure. There was much controversy in regard to the way in which plaintiff was injured,

every phase of which was submitted to the jury, with appropriate instructions. They have, as it was their province to do, found the facts.

The judgment must be

Affirmed.