(December 31, 1910.)

# WILLIAM M. CAIN, Appellant, v. JOHN P. VOLLMER et al., Respondents.

[112 Pac. 686.]

TRESPASS VI ET ARMIS—RACING CONTESTS—PRIZES ON HORSE-RACES—INJURY TO JOCKEY—SPECULATIVE DAMAGES.

(Syllabus by the court.)

1. Where C. has an apprentice who is serving him as a horse jockey and who is riding in a race at a racing association, and is thrown and injured and disabled for future riding by reason of the wrongful act of V. and others in allowing a dog to rush upon the race-track in front of the horse as he is making the home stretch, and C. thereafter sues V. and others for damages on account of the injury to his jockey and his disability for riding in future races, and alleges that he will be unable to secure another jockey of equal skill and ability in riding races, and that he would have won large prizes and premiums had his jockey not been thus injured, *held*, that the damages claimed by the master on account of the injury to his apprentice, the jockey, are too remote, speculative, contingent and uncertain to be estimated or allowed, and that no recovery can be had therefor.

APPEAL from the District Court of the Second Judicial District, in and for the County of Nez Perce. Hon. Edgar C. Steele, Judge.

Action by plaintiff for damages on account of trespass *vi et armis*. Judgment for defendant and plaintiff appealed. *Affirmed.*

I. N. Smith and Clay McNamee, for Appellant.

The evidence offered and rejected showed that Bennie McClain had a fixed market value on his services of $15,000 a year; that Cain had been offered that sum for Bennie's services, and had been offered $5,000 for first refusal. The evidence further shows that the injuries occasioned Bennie McClain deprived Mr. Cain of these services, to his damage:

to the amount of $15,000 per racing season. This was competent, was readily ascertainable, and was fixed value, which should have been submitted to the jury, and was capable of proof and ascertainment as the value of any other commodity on the market. The court committed error in sustaining these objections, and likewise the motion for nonsuit. (*Whaling Co. v. Alaska Packers*, 138 Cal. 632, 72 Pac. 161; *Schrandt v. Young*, 2 Neb. (Unof.) 546, 89 N. W. 607; *Shoemaker v. Acker*, 116 Cal. 239, 48 Pac. 62; *C. R. I. & P. Ry. v. Scheinkoenig*, 62 Kan. 57, 61 Pac. 414; *Paul v. Cragnaz*, 25 Neb. 293, 59 Pac. 857, 60 Pac. 983, 47 L. R. A. 540; *Lund v. Tyler*, 115 Iowa, 236, 88 N. W. 333; *Lane v. Minn. State Agr. Assn.*, 62 Minn. 175, 64 N. W. 382, 29 L. R. A. 708; *Arkansas Land & Cattle Co. v. Mann*, 130 U. S. 69, 9 Sup. Ct. 458, 32 L. ed. 854; *Baker v. Manhattan Ry. Co.*, 54 N. Y. Super. Ct. Rep. 394, 7 N. Y. St. Rep. 68; *Wardle v. New Orleans City Ry. Co.*, 35 La. Ann. 202; *McDermott v. Severe*, 202 U. S. 602, 26 Sup. Ct. 708, 50 L. ed. 1162; *Schmitz v. St. Louis etc. R. Co.*, 119 Mo. 256, 24 S. W. 472, 23 L. R. A. 250; *Rosenkranz v. Lindell Ry. Co.*, 108 Mo. 9, 32 Am. St. 588, 18 S. W. 890; *Delaware, L. & W. R. Co. v. Devore*, 114 Fed. 155, 52 C. C. A. 77; *Storrs v. Los Angeles Traction Co.*, 134 Cal. 91, 66 Pac. 72; *Joslin v. Grand Rapids Ice & Coal Co.*, 53 Mich. 322, 19 N. W. 17; *Rule v. McGregor*, 117 Iowa, 419, 90 N. W. 811.)

Geo. W. Tannahill, and Fred E. Butler, for Respondents.

The profits to be made by appellant were dependent upon whether or not he would lose or win races. These profits are so speculative and uncertain that they cannot be taken into account in determining the measure of damages alleged and claimed by the appellant. (*Western Union Tel. Co. v. Crall*, 39 Kan. 580, 18 Pac. 719; *Smitha v. Gentry*, 20 Ky. L. Rep 171, 45 S. W. 515, 42 L. R. A. 302; *Western Union Tel. Co. v. Way*, 83 Ala. 542, 4 So. 844; *Ozaias Paquin v. St. Louis & Sub. R. Co.*, 90 Mo. App. 118; *Garitee v. Mayor*, 53 Md. 422; *Cutting v. Miner*, 30 App. Div. 457, 52 N. Y. Supp. 288.)

Damages to be recovered must be traceable to the act complained of as its direct proximate or natural consequence,

must not be remote, speculative, involving inquiries that are collateral to the consideration of the wrongful act. (*Mc-Daniel v. Crabtree,* 21 Ark. 431; *Lightfoot v. West,* 98 Ga. 546, 25 S. E. 587; *Butler v. Collins,* 12 Cal. 457; *Blair v. Kilpatrick,* 40 Ind. 312; *Hesse v. Columbus S. & H. R. Co.,* 58 Ohio St. 167, 50 N. E. 354; *Mitchell v. Chicago R. I. & P. Ry. Co.,* 138 Iowa, 283, 114 N. W. 622.)

"In an action to recover damages for a loss of profits no evidence can be given as to the uncertain future profits of commercial business, nor can the amount of past profits derived therefrom be shown to enable the jury to conjecture what the future profits might be." (13 Cyc. 56, 58; *Martin v. Deetz,* 102 Cal. 55, 41 Am. St. 151, 36 Pac. 368; *Cooper v. Young,* 22 Ga. 269, 68 Am. Dec. 502.)

"Remote, speculative or conjectural damages are not recoverable." (11 Current Law, 964, 965; *Holmes v. Penn R. R. Co.,* 220 Pa. 189, 123 Am. St. 685, 69 Atl. 597; *Findlater v. Darland,* 152 Mich. 301, 116 N. W. 410; *Harper Furn. Co. v. Southern Express Co.,* 148 N. C. 87, 128 Am. St. 588, 62 S. E. 145.)

### STATEMENT OF FACTS.

This is an appeal from a judgment of nonsuit and an order denying a motion for a new trial. The action was one of trespass *vi et armis,* whereby the respondents are alleged to have wrongfully and unlawfully injured and disabled appellant's apprentice from the further discharge of his duties. The facts and circumstances out of which the injury or accident occurred are quite fully stated in *McClain v. Racing Assn.,* 17 Ida. 63, 104 Pac. 1015, 25 L. R. A., N. S., 691.

*McClain v. Association* and this case both grew out of the same injury and accident. In that case the apprentice, a horse jockey, sued the owner of the dog which caused the injury for injuries and damages sustained by him personally. This action is prosecuted by the master against the owner of the dog for damages caused by reason of the injury and disability received by the jockey, whereby the latter was disabled and disqualified from thereafter riding appellant's race-horses

in speed contests. Appellant alleged in his complaint that by reason of the injury and disability received by the jockey, Bennie McClain, the latter was thereafter unable to perform the contract of apprenticeship and discharge the duties for which he had been apprenticed, and that by reason thereof the appellant sustained large damages, for the reason that he would thereafter during the life of the contract of apprenticeship be unable to employ a jockey equal in skill and ability to his apprentice, McClain, and that it would thereby defeat and deprive him from earning large prizes and purses in speed contests, state and county fairs, and racing associations. He alleges that the jockey, by reason of being an expert at the business of riding in speed contests, had earned him upward of $12,000 in the preceding year. Evidence was introduced and other evidence offered which was refused, all of which tended to establish such facts after a manner and as definitely perhaps as would be possible. At the close of the plaintiff's case, defendants moved for a nonsuit, which was granted.

The original contract of apprenticeship was entered into in the state of Missouri by one Claude Lorene Enyart, party of the first part, as master and employer, and Benjamin Franklin McClain and Louise J. McClain, father and mother of the apprentice, and B. F. McClain, Jr., apprentice. It provided that B. F. McClain, Jr., should have free board, lodging, medical attendance and transportation and the right and privilege to collect for all "outside mounts when the first party has no horses entered in such race," and that the first party would pay to the parents of the apprentice $15 per month for the first year, $20 per month for the second year, and $20 per month for the third year. This contract was entered into on the 26th day of December, 1905. Thereafter and on the 30th day of March, 1907, at Emeryville, Cal., Enyart for and in consideration of the sum of $500 as provided in the contract "did sell, assign and transfer to William Cain all the right, title and interest in and to that certain contract for the services of B. F. McClain, Jr., bound to him, C. Enyart, for three years, and agreed to deliver to the said William Cain said contract for services, properly assigned, as may be

required by racing clubs and associations.'' The parents of the apprentice did not approve or consent to this assignment by any writing or apparently in any manner, unless it be by subsequently receiving monthly wages from the assignee Cain.

AILSHIE, J. (After stating the facts.)—Two principal and decisive questions are presented to the court in this case. The first is, that an apprentice is not assignable, or, in other words, that a contract of apprenticeship may not be assigned by the master or employer. The second question is, that even if the contract was assignable, the damages claimed are too speculative, remote and contingent to be recognized or considered by a court. In the argument of these matters, counsel for appellant contends that the question of the right to collect damages in such a case has been definitely decided and settled by this court in *McClain v. Association,* 17 Ida. 63, 104 Pac. 1015, 25 L. R. A., N. S., 691, and that therefore the only real question to be considered is that of the assignment of the contract of apprenticeship.

Addressing our attention, then, first, to this initial contention made by appellant, we will see what rule as to the law of damages was settled in *McClain v. Association.* There the boy sued for the injury received and the resultant pain and suffering and attendant loss of earning capacity. In proving loss of earning capacity, he was allowed to produce what he called a ''dope'' book wherein he had a memoranda of his earnings from races in running ''outside mounts.'' It is now contended that this element of damage allowed in the other case is no more speculative than the damages claimed in this case. In this case the one seeking damages is a race-horse man—one who follows the races and enters his horses and, according to the record, depends on making his money by winning prizes in the various races. That there is a wide difference between the nature and character of damages asked in each of these cases cannot escape the attention of anyone. The one is direct; the other is proximate and dependent on innumerable secondary and intervening causes. The jockey earned a salary and certain sums for ''outside mounts''

whether he won the race or not. This was his earning capacity. On the other hand, the jockey alone cannot win the race; he must have a fleet horse,—in the meanwhile other horses may develop that can outrun Cain's horse, jockey and all,—other jockeys may in the meanwhile develop as much skill as Cain's jockey, and upon the whole these imaginative profits may dwindle into real losses.

Again, horseracing is not an established business which can be estimated and counted upon to yield a permanent and reasonably certain income like most of the occupations and businesses out of which appellant's cited cases arose. The business of horseracing and competing for prizes is not to be compared with an established right of fishery (*Whaling Co. v. Alaska Packers*, 138 Cal. 632, 72 Pac. 161), the profits of sheep-growing (*Schrandt v. Young*, 2 Neb. (Unof.) 546, 89 N. W. 607), or cattle-raising (*Arkansas Land & Cattle Co. v. Mann*, 130 U. S. 69, 9 Sup. Ct. 458, 32 L. ed. 854), or mining (*Paul v. Cragnaz*, 25 Nev. 293, 59 Pac. 857, 60 Pac. 983, 47 L. R. A. 540), or the established practice of a midwife (*Wardle v. New Orleans City Ry. Co.*, 35 La. Ann. 202), or the profession of a music teacher (*Baker v. Manhattan Ry. Co.*, 54 N. Y. Super. Ct. 394, 7 N. Y. St. Rep. 68), or a personal injury (*Lund v. Tyler*, 115 Iowa, 236, 88 N. W. 333), and the many other cases to that effect cited by appellant.

*Western Union Tel. Co. v. Crall*, 39 Kan. 580, 18 Pac. 719, was an action against the telegraph company for the inaccurate transmission of a message by reason of which the plaintiff claimed to have lost anticipated gains and profits from a failure to be able to have his horse entered in certain racing and trotting contests. The court, after reciting the character of the evidence offered and the nature of damages sought, said: "The law excludes uncertain and contingent profits and also speculative profits and gains. No damages ought to have been allowed based upon the probability of the horse's being able to win prize purses in trotting contests." In support of this holding, the court cited *Telegraph Co. v. Hall*, 124 U. S. 444, 8 Sup. Ct. 577, 31 L. ed. 479. In the latter case the court considered at some length what consti-

tutes speculative and remote damages for which no recovery ought to be allowed.

In *Smitha v. Gentry,* 20 Ky. L. Rep. 171, 45 S. W. 515, 42 L. R. A. 302, the plaintiff sued for damages sustained by reason of the defendant wrongfully disclosing the hiding place of a fugitive for whose capture a reward had been offered and whose arrest the plaintiffs were planning to make. The defendant wrongfully and in violation of the confidence he had assumed disclosed the whereabouts of the fugitive and enabled the officers to arrest him before the plaintiffs were able to perfect their capture of the fugitive. In considering the question as to whether the plaintiffs were entitled to recover damages, the court of appeals of Kentucky said: "But the basis of the recovery had in this case was evidently the loss by appellees of the reward which they expected to obtain for the arrest of the fugitive, and this seems to us to be at once too remote and too contingent an item of damage to sustain a recovery. It is uncertain whether the gain would have been realized. The chance is too remote to be estimated."

Another author in speaking of this class of damages has well said: "The fact that the plaintiff has suffered actual damage from the defendant's conduct is not capable of legal proof, because it is not within the compass of human knowledge and therefore cannot be shown by human testimony. It depends on numberless unknown contingencies and can be nothing more than a matter of conjecture." (1 Suth. Damages, sec. 30; *Walker v. Goe,* 3 Hurl. & N. 395.)

So it is in the case at bar; the profits it is claimed appellant would have realized depend on so many intervening circumstances and contingencies, the unfavorable happening of any of which would dissipate these prospective gains. We are fully satisfied that prospective profits to a race-horse man for races that have never been run and race meets and associations that have never been held and against all contestants, is entirely too remote, uncertain and indeterminable to be allowed. If this were a case where appellant was seeking damages for the loss of a prize for a race in which his horse

had been entered and in which at the time of the injury he had turned the home stretch and was so in the lead that it could be said with reasonable certainty that he would have won the contest, then the damages would be direct and a recovery might be had, but that is not the case before us.

The conclusion we have reached as to the character of the damages sought renders it unnecessary for us to consider the other questions presented.

The judgment should be *affirmed*, and it is so ordered, with costs in favor of respondents.

Sullivan, C. J., concurs.