# CHARLESTON.

COAL LAND DEVELOPMENT CO. v. JOHN C. CHIDESTER.

Submitted September 1, 1920.  Decided September 7, 1920.

1. CORPORATIONS—*Power to Purchase, Hold and Sell Realty for Profit Cannot be Questioned Collaterally.*

    The power of a corporation to purchase, hold and sell real estate for profit, within the meaning of section 3, chapter 52, Code 1918, cannot be questioned collaterally, but only by a direct proceeding instituted by the state for that purpose. (p. 563).

2. LIBEL AND SLANDER—*Corporation May Maintain Action for Damages for Slander Against it, Injuring its Business.*

    A corporation may maintain an action to recover damages for libel or slander against it as a corporate entity injuriously affecting its trade or business.  (p. 564).

3. MASTER AND SERVANT—*Injury by Third Person Actionable.*

    An employer may maintain an action for damages against one who assaults or otherwise wrongfully injures his servant, where as a result of the injury the employer suffers the loss of his services.  (p. 564).

4. ACTION—*Same Declaration May Join Two Distinct and Independent Causes for Recovery.  Where.*

    It is permissible to join in the same declaration two distinct and independent causes for recovery, of the same general nature, where, if the actions were separate, the form of each would be the same and admit of the same plea and judgment. (p. 565).

5. SAME—*Counts for Libel and Slander and for Assault and Battery May be Joined in Trespass on the Case.*

    Counts for libel or slander and assault and battery may be joined in a declaration in trespass on the case.  (p. 565).

(WILLIAMS, PRESIDENT, absent).

Certified Questions from Circuit Court, Lewis County.

Trespass on the case by the Coal Land Development Company against John C. Chidester.  Demurrer to declaration overruled and questions certified.

*Ruling of circuit court sustained.*

*W. J. Smith,* for plaintiff.

Lynch, Judge:

The Coal Land Development Company, describing itself as a corporation created, organized and doing business as such according to the laws of this state, has brought an action of trespass on the case, in the circuit court of Lewis County against John C. Chidester to recover of defendant damages to plaintiff's business occasioned by certain acts and conduct of defendant and public statements and offensive language made and used by him of and concerning the character, business, property and property rights of the plaintiff, and for an assault and battery made by him upon the person of one of its agents and employees while engaged in the course of his employment in plaintiff's behalf, thereby depriving plaintiff of his services and causing loss and damage to its business. To the declaration defendant demurred, and having overruled the demurrer, the court certified its action here for review.

As counsel for defendant have not in any manner assigned on the record of the circuit court the grounds of demurrer, and have not in any manner or for any purpose appeared in the case here or filed a note of argument or citation of authority, our discussion is confined to propositions said by plaintiff's counsel in his brief to be those argued in the trial court. These are: (1) That upon the showing of the plaintiff's declaration the plaintiff is illegally incorporated, and is engaged in an illegal business, and is not entitled to the protection of the law; (2) that as a corporation has no soul and by analogy has no character, plaintiff is not entitled to maintain a suit for slander; (3) that neither count in the declaration states matter sufficient to maintain the plaintiff's action; (4) that the causes of action set out in the first and second counts of the declaration cannot be joined in one action; (5) that a corporation cannot maintain an action against an individual for assaulting and beating its servant.

There is in the declaration nothing to warrant the criticism affecting the legality of plaintiff's creation or organization or the character of the business in the prosecution of which it was engaged when this action was brought. Its object and its busi-

ness then were and doubtless still are "buying and selling un-
mined coal, and in taking of options for the purchase of coal,
and buying and holding unmined coal for sale," and it then had
an established and profitable business in dealing and trading in
such property or estate, and in addition thereto sold and offered
for sale stock in the corporation for profit, whereby the com-
pany had earned and was then earning and accumulating profit-
able returns for such business, the amount whereof the declara-
tion fixes at several thousand dollars monthly.

By the first section of chapter 52, a corporation doing busi-
ness in this state "may purchase, hold, use and grant estate real
and personal." The only limitation upon the exercise of this
right is the restriction found in section 3 of the same chapter,
and it is perhaps upon the provisions of that section that defend-
ant's counsel rely. It says: "No corporation shall be incor-
porated for the sole purpose of purchasing real estate in order
to sell the same for profit." It seems to be law thoroughly set-
tled by numerous decisions "that although a corporation may be
disabled or forbidden from holding land at all, or from holding
land except for particular purposes, or from holding land be-
yond a prescribed limit, yet if it does hold land in the face of
such disabilities or prohibitions, its title will be good except as
against the state alone, and that it will be deemed to have a good
title until its title is invalidated in a direct proceeding insti-
tuted by the state for that purpose." 10 Cyc. 1133 (g), and
cases cited, among them being *Banks* v. *Poitiaux,* 3 Rand. 136.
Besides these citations of the author, there is *Collins* v. *Doyle,*
119 Va. 63, which says: "The general rule that the transfer
of property to a corporation in excess of its charter rights is not
void, but that the title passes subject only to the right of the
Commonwealth to avoid it in a direct proceeding for that pur-
pose, is the settled law of this State, and is sustained by the
weight of authority elsewhere." The application of this rule
that the power of a corporation to purchase, hold and sell real
estate for profit cannot be questioned collaterally, but only by a
direct proceeding instituted by the state for that purpose is so
nearly universal as not to need further argument or citation of
authorities. Besides, there is in the declaration nothing upon
which to predicate the claim that the sole purpose of the cor-

poration is to purchase and sell real estate for profit. *Clarksburg Board of Trade Land Co. v. Davis,* 77 W. Va. 70, 74. That may be and apparently is one of its objects, and may be its sole object, but if it is, that fact alone does not concern defendant.

Though, as said in defendant's second proposition, a corporation may be soulless, nevertheless it has rights and privileges which the law recognizes and the courts enforce, and sufficient character and reputation to entitle it to fair treatment and proper respect in the community where it performs its legitimate functions and among those with whom it has occasion to deal. As a creature of the state it may justly and rightfully claim and demand the protection of the state as against ruthless destruction at the hands of resolute enemies. Notwithstanding plaintiff's counsel to the contrary, the declaration, as we read and understand it, has all the essential elements, characteristics and averments of and for damages for libel or slander; and while of course a corporation cannot successfully maintain an action for libel upon its constituent members, it may sue and recover for a libel, spoken or published, against it as a corporate entity, or for slander upon it injuriously affecting its trade or business. Newell, Slander & Libel (3d Ed.), § 448, citing *Reporters' Ass'n of America* v. *Sun Printing & Pub. Ass'n,* 186 N. Y. 437; *Gross Coal Co.* v. *Rose,* 126 Wis. 24; *Farbenfabriken etc. Co.* v. *Beringer,* 158 Fed. 802; *Penn. Iron Works Co.* v. *Henry Voght Mach. Co.,* 29 Ky. L. 861; *Journal Printing Co.* v. *Maclean,* 23 Ont. 324. For other cases reaffirming the right to maintain corporate action for damages occasioned by defamation of its character or business resulting in injury thereto, see note to second case cited, 5 Ann. Cas. 550, where the annotator says: "It is a general rule that a corporation may maintain an action to recover damages for libel concerning it in the trade or occupation which it is conducting."

Unless we have failed to read the declaration aright the third objection has no substantial merit. Each of the counts does, we think, sufficiently state a cause of action which, if proved, entitles plaintiff to damages.

The fourth proposition seems also untenable. It can, however, more readily be understood by first considering defendant's

last proposition, which relates to the right of an employer to maintain an action against an individual for an assault and battery upon his servant, the fourth denying the right to join both causes in the same declaration. The law is settled that an employer may maintain an action for damages against one who assaults or otherwise wrongfully injures his servant, where as a result of the injury the employer suffers the loss of his services. 7 Labatt, Master & Servant, § 2628, and cases cited; 18 R. C. L. p, 542, § 58.

If the plaintiff may maintain an action for libel and slander and also for the assault and battery upon his servant, it may unite both torts in the same action. It is not improper but permissible to join in the same declaration two distinct and independent causes for recovery, of the same general nature, where, if the actions were separate, the form of each would be the same and admit of the same plea and judgment, but not where the causes can be enforced only in different forms of action. *Galizian* v. *Henry,* 71 W. Va. 292, and cases cited; *Womack* v. *Circle,* 29 Gratt. 192; 1 C. J. 1068, § 214 et seq; 1 R. C. L. p. 262, § 38 et seq. The statute, section 8, ch. 103, Code, abolishes the distinction between actions of trespass and trespass on the case, and authorizes trespass on the case where trespass formerly was required.

The circuit court's order sustaining the declaration and each of its counts is approved.

*Ruling of circuit court sustained.*