Argued January 3, affirmed May 15, 1968

SNOW, *Appellant, v.* WEST, *Respondent.*

440 P. 2d 864

*Ralph C. Sipprell,* Portland, argued the cause for appellant. With him on the brief were C. W. Leichner and Buss, Leichner, Lindstedt & Sipprell, Portland.

*Albert H. Ferris,* Eugene, argued the cause for respondent. On the brief were Thwing, Ferris, Atherly & Butler, Eugene.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

DENECKE, J.

Plaintiff alleges that the defendant was negligent in driving his car and that such negligence caused the collision in which the driver, one of plaintiff's employees, was killed and the six passengers, also employees of the plaintiff, were injured. He seeks to recover $7,708 in lost profits from his reforestation business resulting from the loss of the services of these employees as a result of the death and injuries received in the accident.

Defendant demurred to the complaint on the basis of insufficient facts to constitute a cause of action. This appeal is taken from the judgment entered after the demurrer was sustained and the plaintiff failed to plead over. It presents the sole question: Does an employer have a cause of action against one who negligently injures or kills his employee?

Plaintiff relies on the ancient common-law rule that one who negligently injures a servant becomes liable to the master for his loss of services. The common-law rule was based upon the premise that a servant was a chattel of the master and when the servant was injured by a third person the master suffered an injury to a property interest just as he did if a third person injured the master's horse or his barn. We recently traced this concept back to *Bracton*. *Wampler v. Palmerton,* 250 Or 65, 439 P2d 601 (1968).

The relationship of employer and employee now is obviously completely different than it was in the time of *Bracton*. It is basically one of contract. For this reason the English courts now limit the action to injuries to a member of the household. *Inland Revenue Comrs. v. Hambrook,* [1956] 2 QB 641, [1956] 3 WLR 643, [1956] 3 All ER 338, 57 ALR2d 790, Annotation,

57 ALR2d 802, "Employer's right of action against third person tortiously killing or injuring employee."

The state of the law in the United States is not as clear. There are no Oregon decisions on the subject.

Prosser states:

"* * * There is one conspicuous exception [to the principle that interference with contract is an intentional tort, rather than one based upon negligence]. The earlier rule under which one who negligently injured a servant became liable to his master for loss of his services, apparently is still alive and good law; and to the extent that there are services lost, of value, the employer can recover damages. This has, however, been under considerable attack of late, and clearly is to be quite narrowly confined within its original limits. * * *." Prosser, Law of Torts (3d ed), 962, § 123.

In a subsection concerning *intentional* interference with contracts, 1 Harper and James, Law of Torts, 500, n 6, § 6.9 (1956), states: "Again, unjustified conduct which prevents a party to a contract from performing has subjected the actor to liability to the promisee where the defendant injured the promisor * * *." Both authors cite several of the same cases to support both statements.

However, Harper and James, in their next subsection dealing with *negligent* interference with contractual relations, state: "Another group of cases frequently considered in this connection are those involving the negligent injury to a person which causes loss to someone else who has some contractual relation with him." Harper and James, supra, at 506. They state that in such cases recovery is not allowed.

The over-all position of Harper and James seems

to be that if an employee is intentionally harmed so as to cause his employer loss, the employer can recover from the tortfeasor for the employer's damage incurred because of his loss of the services of the harmed employee; however, if the harm is only negligently inflicted, the employer cannot recover.

Professor Seavey was of the opinion that the state of the law was in doubt; however, he was positive that there should be no cause of action by an employer for damage caused by a negligent injury to an employee. Seavey, *Liability to Master for Negligent Harm to Servant,* Wash L Q 309 (1956).

We have examined the American cases cited by the parties and cited in the various texts and articles upon the subject and we have found no decision of the highest court of any jurisdiction holding that an employer can recover for profits lost because of a negligent injury to an ordinary employee.[1]

In *Chelsea Moving & Trucking Co. v. Ross Towboat Co.,* 280 Mass 282, 182 NE 477 (1932), the court specifically held that the employer could not recover from the negligent defendant damages caused by the decreased working capacity of the injured employee.

■ We agree with the scholars that this is a problem of interference with a contractual relation, that of em-

---

[1] The cases cited all contain what to us are facts which significantly distinguish them from the present case. Woodward v. Washburn, 3 NY (Denio) 369 (1846), and Coal Land Development Co. v. Chidester, 86 W Va 561, 103 SE 923 (1920), concern intentional torts. Darmour Productions Corp. v. Herbert M. Baruch Corp., 135 Cal App 351, 27 P2d 664 (1933), was based upon a statute; Jones v. Waterman S. S. Corp., 155 F2d 992 (3d Cir 1946), was an indemnity suit to recover wages and maintenance and cure paid by the employer to an injured seaman; however, the court partly based its decision to permit indemnity upon the old common law. It also was of the opinion that the relationship of ship owner to seaman is more akin to that of father to child rather than that of employer to employee.

ployer-employee. This court has recently set out the elements of the tort of interference with a contractual relation. *Wampler v. Palmerton,* supra. We stated: "To be actionable an interference must be a knowing and not an inadvertent or incidental invasion of plaintiff's contractual interests." We are not persuaded to engraft an exception onto this principle because of an ancient common-law rule which was based upon an entirely different relationship than the present one existing between an employer and his employees.

The demurrer was properly sustained.

Affirmed.