NEMO FOUNDATIONS, INC., *a West Virginia Corporation*

*v.*

THE NEW RIVER COMPANY, *a West Virginia Corporation, et al.*

(No. 12969)

Submitted May 4, 1971.              Decided June 15, 1971.

*Preiser, Greene, Hunt & Wilson, Donald R. Wilson,* for appellant.

*Stanley Higgins, Jr., Donald D. Hodson,* for appellees.

CAPLAN, PRESIDENT:

This is an appeal from a judgment of the Circuit Court of Raleigh County in a civil action wherein the plaintiff, Nemo Foundations, Incorporated, sought to recover damages from the defendants, The New River Company, Epperly Motor Freight, Inc., Eazor Express, Inc. and James

Edward Arthur, for the alleged negligent injury of its employee, Claire Lauria. The defendants filed motions for judgment on the pleadings, basing said motions, among other grounds, on the premise that the complaint does not state a cause of action against said defendants upon which relief can be granted. The court sustained said motions and the action was dismissed with prejudice. It is from this action of the trial court that this appeal is prosecuted.

In its complaint the plaintiff alleged that Claire Lauria, one of its executive employees, sustained severe and permanent injuries as a result of the joint, several or concurrent negligent acts of the defendants. As a result thereof, asserts Nemo, it was deprived of the services of said employee and suffered monetary loss. Nemo demanded a judgment in the sum of one million dollars.

In the posture of this case, the precise manner in which Claire Lauria was injured is not pertinent. It is sufficient to note that the injury allegedly resulted from a collision between the automobile in which said employee was a passenger and a tractor trailer driven by James Edward Arthur and owned by Epperly Motor Freight, Inc. and Eazor Express, at or near an overhead structure, commonly designated a trestle, built and owned by The New River Company. There is no allegation in the complaint that said injuries were inflicted intentionally.

The issue on this appeal is whether an employer may maintain an action to recover damages from a tort-feasor for the loss of services of an employee negligently injured by said tort-feasor.

While under common law it has been held that a master may maintain an action for the wrongful injury of his servant, an historical analysis of this action reveals that its origin was based on status rather than any contractural relationship. In ancient days, for example, the feudal lord had a proprietary interest in his villein or servant. He owned such servant and any injury to him resulted in injury to the lord. In such a state of society it was natural to give a master a cause of action against one who

injured his servant. For an excellent history of the development of this action see *Inland Revenue Commissioners v. Hambrook,* 2 Q.B. 641, 3 Week L.R. 643, 3 All Eng. 338, 57 A.L.R.2d 790.

In *Inland, supra,* the English Court of Appeal, after relating the historical application of this action, concluded that this sort of action should not be extended, but should be confined today, as it was in the eighteenth century, to the realm of domestic relations where a member of the master's household is injured. Thus, it clearly appears that the English courts, where this action became a part of the early common law, have now limited its application so as to exclude the normal present day employer-employee relationship.

The American courts, while certainly not unanimous, appear to be in substantial agreement with the later English decisions. A number of courts have expressed disapproval of such action indicating a belief that it should either be discarded entirely or at least not extended. See annotation 57 A.L.R.2d 802 et seq.; 53 Am. Jur. 2d, *Master and Servant,* Section 402; 57 C.J.S., *Master and Servant,* Section 622.

Denying relief to an employer who sued for damages for the negligent injury of his employee, the court in *Crab Orchard Improvement Co. v. Chesapeake and O. Ry. Co.,* 115 F.2d 277, (4th Cir.), said that such recovery may be had only when the injury to the employee is intentionally calculated to harm the employer in his contractural obligations. In that case, as in the instant one, the claim was based on negligence. As to liability in such case the court said: "Appellant [Employer] proceeds upon the final theory that appellee breached a legal duty owed to appellant, and that this breach is actionable. This theory predicates appellee's liability to the appellant on the ordinary principle of tort-liability—that appellee's negligence was the proximate cause, in a chain of causation, resulting in damage to the appellant. The courts, however, have quite uniformly treated such damages as to

remote and too indirect to support a recovery. * * * No legal duty is here owed by the tort-feasor to the employer. It is only where an injury is intentionally calculated to harm the employer in his contractural obligations that recovery may be had. * * * Where a husband is allowed to recover for loss sustained by injuries to his wife, or a father for loss of service or expense in the cure of his child, the tort-feasor is held responsible, not because of the contractural aspect of the relationship, but because of the special treatment given by the common law to the particular social status involved. As to these, the tort-feasor is held responsible because he is expected to recognize the natural and probable consequences of his wrong. * * * However, no such special treatment is given by our law to the relationship of employer and employee. And, until the legislature deems it wise to create a specific social employer-employee status, with additional obligations and immunities thereunto appertaining, the ordinary rules of tort law will here apply."

The complaint in the case before us alleges that the employee's injuries were caused by the joint, several or concurrent acts of negligence of the defendants. It follows, therefore, that the plaintiff is relying wholly on ordinary tort liability. Where is the legal duty owed by the tort-feasor to the employer? There can be none in such case. What of the consideration of foreseeability? Certainly, in the instant case, the alleged tort-feasors could not foresee, as a consequence of their negligent acts, injury to the employer. In relation to tort liability, we adhere to the principles expressed in *Crab Orchard Improvement Co.* v. *Chesapeake & O. Ry. Co., supra.*

In *Chelsea Moving & Trucking Co., Inc.* v. *Ross Towboat Co.,* 280 Mass. 282, 182 N.E. 477, the plaintiff instituted an action for damages by reason of the negligent injury of its employee. The court denied recovery, holding that the damage sought was too remote from the wrong committed by the defendant and had no natural connection with it, in the absence of allegations that the defendant knew of

the employer's contract with the employee or that the defendant acted by deliberate design to accomplish a definite end regardless of the consequences to others.

The court, in *Standard Oil Co.* v. *United States,* 153 F.2d 958, referred to such action as an ancient common law cause of action and denied recovery. Therein the court noted that the right of a master to sue for the loss of his servant's services is an old remedy at common law, the servant having been looked upon as a member of the master's family, whereas today the master-servant relationship is generally based on contract and the master's cause of action for loss of his employee's services remains an anomaly in the law. Commenting on tort liability the court said: "* * * as a general rule, at least, a tort to the person or property of one man does not make the tortfeasor liable to another merely because the injured person was under a contract with that other, unknown to the doer of the wrong." Similar language was expressed by Justice Holmes in *Robins Dry Dock & Repair Co.* v. *Flint,* 275 U.S. 303, 48 S. Ct. 134, 72 L. Ed. 290. See also *United States* v. *Atlantic Coastline R. Co.,* 64 F. Supp. 289.

In *Snow* v. *West,* 250 Ore. 114, 440 P.2d 864 recovery of damages was denied, the court saying "[t]o be actionable an interference must be a knowing and not an inadvertent or incidental invasion of plaintiff's contractual interests." We are in accord with the views expressed in the foregoing cases.

The plaintiff does not dispute the principles relating to tort liability as expressed by the foregoing authorities. Rather, it contends that the law of our state sanctions an action by an employer for damages allegedly resulting from the negligent injury of his employee by a third person. It relies principally on the language of Point 3 of the Syllabus of *Coal Land Development Co.* v. *Chidester,* 86 W.Va. 561, 103 S.E. 923, which reads as follows:

> "An employer may maintain an action for damages against one who assaults or otherwise wrongfully injures his servant, where as a result

of the injury the employer suffers the loss of his services."

In that case the plaintiff brought an action of trespass on the case to recover for damages to its business occasioned by certain acts and conduct of the defendant including offensive language made and used concerning the character, business, property rights and property of the plaintiff, and for assault and battery committed by the defendant upon one of the plaintiff's employees, thereby depriving the plaintiff of said employee's services. In addition to the matter involved in the syllabus point quoted above, the Court decided that a corporation may maintain an action to recover damages for libel or slander; that it is permissible to join in the same declaration two distinct and independent causes for recovery, of the same general nature, where, if the actions were separate, the form of each would be the same and admit of the same plea and judgment; and that counts for libel and slander and assault and battery may be joined in a declaration in trespass on the case. By far, most of the Court's opinion discussed and decided the three latter points, there being only a short paragraph treating the matter contained in Point 3 of the Syllabus. Although the broad language of said syllabus point appears to apply to the instant case, we believe that the two cases are readily distinguishable. In the above reported case the injury to the employee resulted from the assault and battery by the defendant, an intentional act. While it does not appear that the defendant's act was designed to harm the plaintiff employer, the assault occurred during the employee's course of employment and the defendant should have foreseen the consequences of his act.

In our opinion the Court in the *Coal Land Development* case decided that such action may be maintained only where the injury to the employee was inflicted intentionally. That was the only factual situation for the Court's consideration. We are in accord with the decision of the Court to the extent herein indicated. However, we do not agree that the subject action may be maintained on

the basis of a negligent injury to an employee. Therefore, insofar as the language "or otherwise wrongfully injures," contained in the syllabus and in the body of that opinion indicates a contrary view, such language is expressly disapproved.

The Court is not unmindful of the language in *Jones* v. *Waterman S.S. Corp.*, 155 F.2d 992 and in some texts and other cases which may express a view counter to that noted above. We are of the opinion, however, that to deny the plaintiff's action in the instant case reflects the better reasoned view.

For the reasons stated herein the judgment of the Circuit Court of Raleigh County is affirmed.

*Affirmed.*