502 P.2d 164

**PHOENIX PROFESSIONAL HOCKEY CLUB, INC., an Arizona corporation, Appellant,**

v.

**Peter B. HIRMER and Susan M. Hirmer, his wife, Appellees.**

No. 10747.

Supreme Court of Arizona, In Banc.

Oct. 19, 1972.

Alvin E. Larson, Phoenix, for appellant.

Gust, Rosenfeld & Divelbess, by Richard A. Segal, Phoenix, for appellees.

HAYS, Chief Justice.

The appellant corporation is a professional hockey club whose goalie, Don Caley, was injured in an automobile accident allegedly caused by the negligent conduct of the appellee, Peter B. Hirmer. Appellant seeks recovery of out-of-pocket expenses in hiring and employing a substitute goalie during the remainder of the term of the contract. The hockey club only seeks damages for actual expenses, not general damages for injuries to the employee nor damages for loss of profits.

The trial court granted appellee's motion to dismiss the complaint for failure to state a claim upon which relief could be granted. The sole issue on review is whether a complaint for compensatory damages by an employer against a person negligently injuring its employee states a cause of action. The issue is one of first impression in Arizona.

Some courts have disposed of the issue on the grounds that the damages suffered by the employer were too speculative and contingent to be considered by a court. Cain v. Vollmer, 19 Idaho 163, 112 P. 686 (1910). Appellant here urges that the damages sought, direct out-of-pocket expenses, are not speculative and therefore can properly be awarded. We agree that the damages sought are not speculative but do not find that dispositive of the issue.

Older cases recognized a master's cause of action against a third person tortiously injuring a servant. The action was apparently based upon the particular social status of a master and servant at the time. Just as a father can recover for the loss of services of his child, and a husband can recover for loss sustained by injuries to his wife, a master could recover for the loss of services of his servant, who at that time was a member of the master's household and occupied a quasi-familial relationship with him. Crab Orchard Improvement Co. v. Chesapeake & Ohio Ry., 115 F.2d 277 (4th Cir. 1940). Now that the days of the cottage industry are history, the relation of master and servant no long-

er represents the close bond it once did and modern courts have refused recovery to the employer. Seavey, Liability to Master for Negligent Harm to Servant, 1956 Wash.U.L.Q. 307.

■ Appellant correctly states Arizona's position as to the traditional duty requirement: the existence of a duty to the plaintiff is a prerequisite to tort liability. Wilson v. City of Tucson, 8 Ariz.App. 398, 446 P.2d 504 (1968). It then urges the court to recognize the changing social, moral, and economic trends of the country and to extend the duty of the wrongdoer to include a loss to the innocent employer. We do not think this wise. The tort-feasor should be held responsible for the natural and probable consequences of his wrong. To protect a contractual interest from negligent interference would place an undue burden on freedom of action and could impose a severe penalty on one guilty of mere negligence.

■ The Supreme Court of Oregon recently considered a similar case and reduced the problem to that of interference with contractual relationship, an intentional tort. They concluded that "[t]o be actionable an interference must be a knowing and not an inadvertent or incidental invasion of plaintiff's [employer's] contractual interest." Snow v. West, 250 Or. 114 at 118, 440 P.2d 864 at 865 (1968). They were not persuaded, nor are we, that an exception should be made for employers because of an ancient, now nonexistent, relationship which existed between masters and servants.

For the foregoing reasons, we affirm the trial court's granting of the motion to dismiss.

STRUCKMEYER, LOCKWOOD, and HOLOHAN, JJ., HAIRE, Chief Judge, Court of Appeals, Division 1, concur.

CAMERON, V. C. J., did not participate in the determination of this matter; HAIRE, Chief Judge, Court of Appeals, Division 1, sat in his stead.