DEWEY J. STEELE ET AL. *v.* J AND S METALS, INC., ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE NO. 189061

Memorandum filed November 14, 1974

*Robinson, Robinson & Cole,* of Hartford, for the plaintiffs.

*Dahlmeyer, Fretel & Malec,* of West Haven, for the defendants.

HADDEN, J. This is a negligence action brought by the plaintiffs, Dewey J. Steele and Checklift Truck Maintenance, Inc. Steele is the president of Checklift and, in the course of his duties for his employer, was on premises allegedly owned and controlled by both defendants, J and S Metals, Inc., and J and S Realty, when he received personal injuries allegedly through their negligence.

The demurrer by both defendants is to the cause of action set forth on behalf of Checklift, which alleges a loss of business because of the injuries received by Steele. Therefore, the precise issue raised by the demurrer is whether an employer can maintain a cause of action against a tort-feasor for loss of profits directly resulting from an injury to a key employee who, while on his employer's business, was injured through the negligence of the tort-feasor. It appears that there have been no Connecticut cases dealing with this specific question.

The theory under which the claim in issue is made is found in the early English common law. The common-law rule was based on the concept that the servant had a chattel relationship to the master and therefore any injury to the chattel was an injury to a property interest of the master, thus giving rise to an action by the master against the responsible party. The historical development of this sort of action from the Middle Ages to the present was fully discussed by the English Court of Appeal in *Inland Revenue Commissioners* v. *Hambrook,* [1956] 2 Q.B. 641. See note, 57 A.L.R.2d 802. It was the conclusion of the English court that the action should be confined, as originally conceived, to the situation where the injured employee can be regarded as a member of the master's household.

The court held that the doctrine was an anomaly which does not fit in with the principles of law as now understood and that it should not be extended beyond the master and household servant situation.

The authorities in the field seem to agree generally on the principle that if an employee is intentionally harmed, the employer may recover from the wrongdoer for the loss caused him because of his being deprived of the employee's services, but that the employer cannot recover if the injury is inflicted through mere negligence. 1 Harper & James, Torts § 6.10; Prosser, Torts (4th Ed.) § 129; Seavey, "Liability to Master for Negligent Harm to Servant," 1956 Wash. U.L.Q. 309.

There have been relatively few recent decisions on this issue. Those that have considered the question are in accord with the authorities mentioned above. In *Snow* v. *West,* 250 Ore. 114, 117, where a recovery by the employer was denied, the court said: "We have examined the American cases cited by the parties and cited in the various texts and articles upon the subject and we have found no decision of the highest court of any jurisdiction holding that an employer can recover for profits lost because of a negligent injury to an ordinary employee. . . . 'To be actionable an interference must be a knowing and not an inadvertent or incidental invasion of plaintiff's contractual interests.'" The tort-feasor "should be held responsible for the natural and probable consequences of his wrong. To protect a contractual interest from negligent interference would place an undue burden on freedom of action and could impose a severe penalty on one guilty of mere negligence." *Phoenix Professional Hockey Club, Inc.* v. *Hirmer,* 108 Ariz. 482, 483; see also *Ferguson* v. *Rensselaer County Air Park, Inc.,* 75 Misc. 2d 818 (N.Y.); *Nemo Foundations, Inc.* v. *New River Co.,* 155 W. Va. 149.

Checklift attempts to distinguish the recent decisions on the basis that the defendants here knew that Steele was a key employee of Checklift and that therefore the element of foreseeability, which was lacking in the cases cited, is present here. We do not feel that mere knowledge by the defendants of such a business relationship between the plaintiffs is sufficient to create liability for the alleged losses sustained by the employer in this case.

We recognize that there are a few cases which can be construed so as to support the claim of Checklift. In our opinion the weight of authority and the better reasoned decisions are, however, in agreement with the position of the defendants.

The demurrer is sustained.