Argued and submitted January 14, affirmed July 6, 1981

## FLYING SCOTSMAN, INC.,
*Appellant,*
*v.*
## LEACH et al,
*Respondents.*

(No. 78-7706, CA 17404)

630 P2d 900

David Brewer, Eugene, argued the cause for appellant. With him on the briefs were Herb Lombard and Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene.

Edward V. O'Reilly, Eugene, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The issue in this case is whether an employer whose employee suffers a compensable injury under the Workers' Compensation Law as a result of the negligence of a third party tortfeasor is entitled to indemnification from the tortfeasor for a resulting increase in the employer's workers' compensation insurance premium. The trial court concluded that the plaintiff employer was not entitled to indemnification damages. We affirm.

A related issue was recently before the Supreme Court in *Ore-Ida Foods v. Indian Head,* 290 Or 909, 627 P2d 469 (1981), where an employer sought damages from a tortfeasor for survivorship benefits which the employer was required to pay under the workers' compensation law to the "unmarried cohabitant" of a worker who died as a result of an on the job injury caused by the tortfeasor. The court held that the employer could not recover on either its negligence or its indemnity theory. With respect to the latter theory, the court noted that a right to indemnification requires proof, *inter alia,* that "[t]he person against whom indemnity is claimed must also be liable to the third person." 290 Or at 919; *see Fulton Ins. v. White Motor Corp.,* 261 Or 206, 493 P2d 138 (1972). Because the defendant tortfeasor in *Ore-Ida* could not have been liable to the worker's survivor, the employer could not recover indemnification from the defendant.

This case differs from *Ore-Ida* in that plaintiff's insurer could conceivably have a cause of action against the defendants pursuant to ORS 656.576 *et seq.,* while the worker's survivor in *Ore-Ida* had no possible cause of action against the tortfeasor. However, the damages which the insurer here could seek from the defendants could not include the insurance premiums owed by plaintiff. For a party to have a right to indemnity from another, they must have a "common duty * * * mutually owed to a third party." *Citizens Ins. v. Signal Ins. Co.,* 261 Or 294, 298, 493 P2d 46 (1972); *see also, Fulton Ins. v. White Motor Corp., supra,* 261 Or at 210-11. Because the defendants are not liable to

plaintiff's insurer for the increased premium, plaintiff is not entitled to indemnification from defendants.[1]

Affirmed.

---

[1] In this case, unlike *Ore-Ida,* the plaintiff employer does not seek to recover damages from defendants on a negligence theory. In *Ore-Ida* the court applied its earlier decision in *Snow v. West,* 250 Or 114, 440 P2d 864 (1968), and concluded:

> "* * * So far as the legislative policy is concerned, it is clear that the statutes do not now permit recovery. Whether the omission reflects a conscious legislative decision to disallow the recovery of such damages or is simply a legislative oversight, we do not know. The legislature has the power to create a remedy. In view of our precedent in *Snow v. West, supra,* the absence of statutory authority, the substantial body of caselaw from other jurisdictions, and concern for potential consequences flowing from the recognition of liability in such cases, we are reluctant to extend relief to Ore-Ida on a common law negligence claim." (Footnote omitted.) 290 Or at 919.

In our view, the same factors which led the court in *Ore-Ida* to conclude that an employer has no common law negligence remedy against a tortfeasor for the payment of workers' compensation benefits would also lead to the conclusion that employers have no such remedy for the recovery of workers' compensation insurance premiums. The relationship among the employer, the tortfeasor, the employee and the injury producing events are identical whether the damages sustained by the employer take the form of benefit payments or increased premiums.