**Paul ZAWADZKI, et al., Plaintiffs,**

v.

**CHECKER TAXI COMPANY, et al., Defendants.**

**No. 81 C 5749.**

United States District Court, N. D. Illinois, E. D.

April 22, 1982.

Stephen J. Heller, Law Offices of Arthur S. Gomberg, Chicago, Ill., for plaintiffs.

Allen L. Wiederer, Jesmer & Harris, Chicago, Ill., for defendant Checker Taxi Co.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

This diversity action is in part a garden-variety personal injury case arising out of an automobile accident in which plaintiffs Paul Zawadzki ("Zawadzki") and Kenneth Cantor ("Cantor") were passengers in a taxicab owned by Checker Taxi Company ("Checker"). What distinguishes it from the run of the mill is that Counts III, IV and V are brought by three corporations that employ Zawadzki and Cantor, claiming that the negligence of Checker and its driver have injured the employers by depriving them of the Zawadzki-Cantor services, sales and hence profits. Checker has moved to dismiss those counts for failure to state a cause of action.

Initially this Court, provided with no real assistance in briefing or research by either side, denied Checker's motion. It stated:

Because neither side has provided the Court with thoughtful analysis or controlling authority, it will simply refer to the rule as stated in Prosser, *Handbook of the Law of Torts* § 129, at 938 (4th ed. 1971):

... in general, liability has not been extended to the various forms of negligence by which performance of a contract may be prevented or rendered more burdensome. There is one conspicuous exception. The earlier rule under which one who negligently injured a servant became liable to his master for loss of his services, apparently is still alive and good law; and to the extent that there are services lost, of value, the employer can recover damages.

Although Prosser says the rule "has, however, been under considerable attack of late" (citing among other law review articles one by Professor Seavey, *Liability to Master for Negligent Harm to Servant*, 1956 Wash.U.L.Q. 309), defendants have adduced nothing to show that the anciently-rooted common law rule does not still apply in Illinois (the jurisdiction to which this Court looks under *Erie v. Tompkins* principles).[2]

[2] This case illustrates once again the deficiencies in the *Erie* doctrine to which this Court has addressed itself on a number of occasions. Were this Court in the state court system and convinced that Professor Seavey's arguments are sound, it could dismiss the employers' actions in full confidence that the Illinois appellate courts would then speak to the issue in definitive terms. But neither that assurance nor its equivalent—the ability to certify a question to the state Supreme Court—is available. This Court must therefore engage in the predictive process with no input other than the existence of an ancient common law rule and the fact that Illinois is a common-law state.

Now Checker, apparently taking the matter with greater seriousness, has renewed the motion. Each side has provided further briefing.

Research by plaintiffs' counsel has still not turned up any cases that allow an action in favor of a corporation for the loss incurred as a result of the negligent injury of its employees. Indeed Prosser is to some extent balanced by 1 Harper & James, *Law*

1. See *National Can Corp. v. Whittaker*, 505 F.Supp. 147, 148–49 n.2 (N.D.Ill.1981).

2. From the Court's research the last case supporting the corporate plaintiffs' position was

*of Torts* § 6.10, at 506 (1956), which states such an action cannot lie where defendant has acted only negligently rather than intentionally.

As the earlier opinion indicated there is no Illinois case in point, and under *Erie* Illinois law provides the substantive rule of decision. But every recent case referred to in the parties' rebriefing refuses to recognize the action the plaintiff corporations seek to ground in Counts III, IV and V. This Court's own research has disclosed additional authority favorable to defendants and none to the plaintiff corporations. Thus the following recent decisions, relying on either common law or a related statute, have refused to allow corporations to recover for losses occasioned by negligent injuries to their employees: *Phoenix Professional Hockey Club, Inc. v. Hirmer*, 108 Ariz. 482, 502 P.2d 164 (1972); *Nemo Foundations, Inc. v. New River Co.*, 155 W.Va. 149, 181 S.E.2d 687 (1971); *Snow v. West*, 250 Ore. 114, 440 P.2d 864 (1968); *Frank Horton & Co. v. Diggs*, 544 S.W.2d 313, 316–17 (Mo.App.1976); *Baughman Surgical Associates, Ltd. v. Aetna Cas. & Surety Co.*, 302 So.2d 316 (La.App.1974); *Ferguson v. Green Island Contracting Corp.*, 44 A.D.2d 358, 355 N.Y.S.2d 196 (App.Div.1974); *Steele v. J & S Metals, Inc.*, 32 Conn.Supp. 17, 335 A.2d 629 (Super.Ct.1974); *Preiser Scientific, Inc. v. Piedmont Aviation, Inc.*, 432 F.2d 1002 (4th Cir. 1970) (West Virginia law); *Standard Oil Co. v. United States*, 153 F.2d 958, 961–62 (9th Cir. 1946) (California law).

Absent any significant Illinois precedent, this Court's duty under *Erie* is to engage in an Illinois-Supreme-Court-predictive process that must look to the best available sources of law.[1] It has no difficulty in predicting that Illinois courts, faced with the issue, would follow the unanimous recent trend of the cases elsewhere. There is no recent authority to the contrary.[2]

decided in 1946. *Jones v. Waterman S. S. Corp.*, 155 F.2d 992, 997–98 (3d Cir. 1946) (Pennsylvania law). Only one other opinion (not overtaken by later developments) appears to line up the same way. *Darmour Productions*

Plaintiff corporations can respond only that Illinois courts have never explicitly overruled the common law rule as stated by Prosser.[3] That argument is not persuasive. It only demonstrates that (simply because no such actions have reached the appellate level) Illinois law has not had the opportunity or occasion to do so.

### Conclusion

For the reasons stated in this memorandum opinion and order, Checker's motion to dismiss Complaint Counts III, IV and V is granted. This action will proceed solely on behalf of Zawadzki and Cantor under Counts I and II.

---

Corp. v. Herbert M. Baruch Corp., 135 Cal.App. 351, 27 P.2d 664 (Dist.Ct.App.1933). Two other opinions that could be read to support plaintiffs are without honor in their own country— later decisions in the same states have explicitly declined to follow them. Coal Land Development Co. v. Chidester, 86 W.Va. 561, 103 S.E. 923 (1920); Woodward v. Washburn, 3 N.Y. (Denio) 369 (1846).

3. It is worth noting that the common law rule contended for by plaintiffs is no longer the rule even in the place of its birth. Inland Revenue Comm'rs v. Hambrook [1956] 2 Q.B. 641, reprinted in 57 A.L.R.2d at 790, 796 (1958), limited the action:

> to the realm of domestic relations where a member of the master's household is injured; for that is the only realm to which it in reason can be applied. It does not lie, therefore, at the instance of governments, limited companies, or other employers who keep no household.