SCHOTT, Judge.
In a joint petition with the widow and children of Max Fuksman who seek damages for his wrongful death, Fox Furniture Store, Inc., a corporation, sought damages for the loss or diminution of its value resulting from the loss of its owner and operator, Fuksman. Defendants, General Motors Corporation and Mossy Motors, Inc., responded with an exception of no cause of action as to Fox’s claim. The trial judge sustained the exception and Fox has appealed. We affirm.
We follow Baughman Surgical Assoc., Ltd. v. Aetna Cas. & Sur. Co., 302 So.2d 316 (La.App. 1st Cir.1974) where the court was confronted with an almost identical situation and concluded after reviewing the jurisprudence that such damages are too remote, speculative and evasive to prove; they are not consequential and are not within the purview of LSA C.C. Art. 2315. Interestingly, this approach seems to be *75 uniform throughout the country. See Zawadyki v. Checker Taxi Co., 539 F.Supp. 207 (N.D.Ill.1982).
Appellant’s principal argument flows from Afeman v. Insurance Company of North America, 307 So.2d 399 (La.App. 4th Cir.1975). In this case plaintiff, who was the president of and owned ninety per cent of the stock in a corporation, was attempting to measure his loss of personal income by establishing the corporation’s losses. This method of proof was disallowed by the court. Appellant argues that the combined effect of Afeman and the action of the trial court (as in Baughman) is to leave the injured parties without any remedy.
The narrow question before us at this time is whether the corporation has a cause of action for Fuksman’s death, the answer to which is clearly negative. While we are not here concerned with the claim of the widow who is seeking loss of support it seems that her full recovery can be had under the broad umbrella of loss of earning capacity developed in Folse v. Fakouri, 371 So.2d 1120 (La.1979).
AFFIRMED.