ROLLING FASHION MART, INC. v. THERESA GAIL MAINOR

No. 851SC855

(Filed 1 April 1986)

1. **Rules of Civil Procedure § 56.3— summary judgment—affidavit filed on day of hearing — admissibility**

There was no merit to plaintiff's contention that the trial court erred in admitting an affidavit filed in support of a summary judgment motion because it was filed on the day of the hearing on the motion, since the affidavit was supplemental to earlier affidavits filed by the parties and it was within the discretion of the court to permit its introduction.

**2. Master and Servant § 1— negligent injury to employee—no action by employer against tortfeasor**

> The trial court properly entered summary judgment for defendant on plaintiff's claims for loss of corporate earnings, loss of goodwill, and the value of merchandise which it had been unable to sell due to the injuries sustained by its president and sole employee in an automobile accident with defendant, since an employer may not maintain an action to recover damages from a tortfeasor because of negligent injury to an employee.

**3. Insurance § 75.4— action for damages to vehicle—owner previously compensated by insurer—claim assigned to insurer**

> In an action to recover for damages to its vehicle sustained by plaintiff in an automobile accident with defendant, the trial court properly entered summary judgment for defendant where plaintiff had assigned its entire claim for damage to its liability insurer.

APPEAL by plaintiff from *John, Judge.* Order entered 13 March 1985 in Superior Court, GUILFORD County. Heard in the Court of Appeals 15 January 1986.

Plaintiff corporation brought this action seeking recovery of money damages allegedly sustained by it due to defendant's negligence. The suit arises from a motor vehicle accident which occurred on 24 January 1981 when plaintiff's van, driven by plaintiff's president, O'Dell Jones, collided with an automobile driven by defendant. In its complaint, plaintiff alleged that defendant was negligent in several respects, proximately causing the collision. Plaintiff further alleged that it was a small company engaged in selling merchandise to customers at their homes and having only one employee, Mr. Jones, and that because Mr. Jones had been injured in the accident, plaintiff corporation had been unable to continue in business and that its merchandise had become worthless. It sought recovery for value of the merchandise, for lost corporate earnings, for lost "goodwill" and for damage to its van.

Defendant answered, denying negligence and asserting, alternatively, affirmative defenses of accord and satisfaction, arbitration and award, payment, and release. Defendant also moved for summary judgment and supported her motion by an affidavit from a claims representative of her insurance carrier. The affidavit showed that defendant's liability insurer had paid for a rental truck for plaintiff's use, that plaintiff's property damage claim had been submitted to arbitration between its collision in-

surance carrier and defendant's liability insurance carrier and that an arbitration decision had been rendered awarding plaintiff and its collision insurer $2,400.00 for damage to the van. Defendant's liability insurer paid that amount to plaintiff's insurer as "final settlement" of the property damage claim. The affidavit also showed that Mr. Jones and his wife had executed a release of their personal claims against defendant.

In opposition to the motion, plaintiff filed the affidavit of its president, Mr. Jones. According to the affidavit, plaintiff assigned its claim for property damage to its collision insurance carrier, Southern Home Insurance Company, in return for payment of the damage less $100.00 deductible, as provided by its insurance policy. Mr. Jones reiterated the corporation's claims for loss of business and earnings and denied that these claims had been assigned to its carrier or released.

The motion for summary judgment was heard 12 March 1985. At the hearing, defendant was permitted to submit, over plaintiff's objection, an affidavit from Garth Payne, a claims adjuster for plaintiff's collision insurance carrier. Attached to the affidavit was a copy of the agreement by which plaintiff assigned its property damage claim to Southern Home Insurance Company. The adjuster acknowledged that Southern Home Insurance Company had received and deposited a draft from defendant's liability insurer in payment of the arbitration award.

Summary judgment was entered in favor of defendant. Plaintiff appeals.

*No counsel for Rolling Fashion Mart, Inc., plaintiff appellant.*

*Wyatt, Early, Harris, Wheeler & Hauser, by Kim R. Bauman, for defendant appellee.*

MARTIN, Judge.

Plaintiff brings forward two assignments of error; the admission into evidence of the affidavit of Southern Home Insurance Company's claims adjuster, Mr. Payne, and the entry of summary judgment in favor of defendant. We conclude that the court did not abuse its discretion in admitting the affidavit and that summary judgment was appropriately granted.

[1]   Plaintiff's first argument is that the trial court erred in admitting Mr. Payne's affidavit because the affidavit was filed by defendant on the day of the hearing. We do not agree. Although affidavits in support of a motion for summary judgment are required by G.S. 1A-1, Rules 6(d) and 56(c) to be filed and served with the motion, Rule 56(e) grants to the trial judge wide discretion to permit further affidavits to supplement those which have already been served. *Nationwide Mut. Ins. Co. v. Chantos*, 21 N.C. App. 129, 203 S.E. 2d 421 (1974). Mr. Payne's affidavit was clearly supplemental in that it did no more than explain the transactions referred to in the earlier affidavits filed by the parties and provide copies of the documents involved in those transactions. We discern no abuse of judicial discretion in the admission or consideration of Mr. Payne's affidavit.

By its second assignment of error, plaintiff contends that the trial court erred in granting summary judgment for defendant because there are genuine issues of fact. Summary judgment is appropriate only where the pleadings, affidavits and other evidentiary materials before the court disclose that there is no genuine issue of material fact and that a party is entitled to judgment as a matter of law. *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). A defending party is entitled to summary judgment if he can show that no claim for relief exists or that the claimant cannot overcome an affirmative defense to the claim. *Dickens v. Puryear*, 302 N.C. 437, 276 S.E. 2d 325 (1981).

[2]   In its complaint, plaintiff claims damages for loss of corporate earnings, loss of goodwill, and the value of merchandise which it has been unable to sell due to the injuries sustained by its president and sole employee. The basis for the claim is stated in the affidavit submitted by plaintiff's president, Mr. Jones:

As a result of my injuries, I was and am still unable to carry on the business of Rolling Fashion Mart, Inc. Therefore Rolling Fashions [sic] Mart, Inc., ended up with over $7,000.00 worth of clothing and other merchandise, which due to my inability to get out and sell these items, are just sitting around, and, quite naturally, the corporation has lost all of its customers because of my inability to get out and sell them merchandise. It is for those losses, as opposed to any per-

sonal injury done to myself, that Rolling Fashion Mart, Inc. has brought this lawsuit.

Plaintiff, citing *Smith v. Corsat*, 260 N.C. 92, 131 S.E. 2d 894 (1963), contends that it is entitled to recover these damages allegedly sustained by it due to injuries negligently inflicted upon its sole employee. Plaintiff misconstrues the holding in *Smith*. In that case, the injured party sought to recover, as a part of his damages for personal injury, lost profits from the business owned and operated by him. The Court held that "where the business is small and the income which it produces is principally due to the personal services and attention of the owner," evidence of the earnings and profits of the business is admissible as evidence of the *owner's* diminished earning capacity, an element of damages recoverable by him for his personal injury. *Id.* at 96, 131 S.E. 2d at 897. The Court declined, however, to permit recovery for "loss of business" as special damages. Thus, under *Smith*, evidence of plaintiff's lost earnings would be admissible to support the claim of its president and sole employee, O'Dell Jones, for damages due to diminished earning capacity, properly recoverable by him as an element of his personal injury claim. Mr. Jones has, according to all of the evidence, entered into a settlement of his personal injury claim and has released defendant from further liability with respect thereto.

Plaintiff, however, seeks in the present action to recover for its *corporate* losses occasioned by the incapacity of Mr. Jones as a result of injuries which he sustained in the accident. Although we have found no North Carolina cases dealing with such a claim, the great weight of modern authority holds that an employer may not maintain an action to recover damages from a tortfeasor because of negligent injury to an employee. See *Ireland Elec. Corp. v. Georgia Highway Express, Inc.*, 166 Ga. App. 150, 303 S.E. 2d 497 (1983); *Hartridge v. State Farm Mut. Auto. Ins. Co.*, 86 Wis. 2d 1, 271 N.W. 2d 598, 4 A.L.R. 4th 495 (1978); *Frank Horton & Co., Inc. v. Diggs*, 544 S.W. 2d 313 (Mo. Ct. App. 1976); *Steele v. J and S Metals, Inc.*, 32 Conn. Supp. 17, 335 A. 2d 629 (1974); *Ferguson v. Green Island Contracting Corp.*, 36 N.Y. 2d 742, 368 N.Y.S. 2d 163, 328 N.E. 2d 792 (1975); *Nemo Found., Inc. v. The New River Co.*, 155 W.Va. 149, 181 S.E. 2d 687 (1971); Annot., 4 A.L.R. 4th 504 (1981), Annot., 74 A.L.R. 3d 1129 (1976). Since there exists no right to recover the damages sought by plaintiff, the trial court's

entry of summary judgment, dismissing plaintiff's claim for lost profits, loss of goodwill and the value of its unsold merchandise, was correct.

[3] The only additional claim stated by plaintiff was for property damage to its motor vehicle. It alleged that damage to the vehicle amounted to $2,000.00. The undisputed evidence before the trial court disclosed that plaintiff was paid the sum of $2,600.00 for damage to its vehicle by its collision insurer, after subtraction of the $100.00 deductible provided by the collision insurance policy. In return, plaintiff assigned its insurer "each and all claims and demands . . . arising from or connected with such loss or damage (and the said Company is hereby subrogated in the place of and to the claims and demands of the undersigned . . .) to the extent of the amount above named, and the said Company is hereby authorized and empowered to sue, compromise, and settle in my name or otherwise to the extent of the money paid as aforesaid." Thereafter, plaintiff's insurer submitted the property damage claim to arbitration with defendant's insurer and was awarded $2,400.00. Plaintiff's insurer accepted payment of that amount in "full settlement" of the claim for damages to the vehicle.

In North Carolina, where insured property is damaged by the negligence of another, a single indivisible claim for the damage accrues against the tortfeasor. *Security Fire & Indem. Co. v. Barnhardt*, 267 N.C. 302, 148 S.E. 2d 117 (1966). The claim accrues in favor of the owner, through whom the insurer, upon payment of the insurance, must enforce its subrogation rights, because the insured owner has legal title to the right of action against the tortfeasor. *Burgess v. Trevathan*, 236 N.C. 157, 72 S.E. 2d 231 (1952). In this case, however, plaintiff assigned to Southern Home Insurance Company its right of action, against defendant for damage to its vehicle, together with the full authority to resolve the claim as it saw fit. In so doing, plaintiff divested itself of legal title to the claim. The insurer chose to arbitrate the claim with defendant's liability carrier and to accept the arbitration award; plaintiff is bound by that resolution. Plaintiff argues, however, that it is entitled to recover at least its $100.00 deductible. We disagree. The property damage claim is a single indivisible claim, and cannot be partially assigned. Plaintiff assigned its entire claim for damage to its vehicle; that claim has been resolved by arbitration and award. To hold otherwise would subject defendant

Pee Dee Oil Co. v. Quality Oil Co.

to multiple actions for the same wrong and would sanction the splitting of an indivisible claim for relief.

Affirmed.

Judges EAGLES and COZORT concur.