[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#101)
On November 11, 1993, the plaintiff Donna Karabelas, filed a ten count complaint against the defendants Robert Munson, Roderick Thorne and David Cleaves. The Plaintiff alleges, inter alia, that defendant Munson breached a contract to sell her the "Roxbury Market." Count eight of the plaintiff's complaint alleges that the defendants, Thorne and Cleaves, intentionally interfered with the business relationship of the plaintiff and defendant Munson by inducing Munson to breach the contract. The defendants Thorne and Cleaves, have filed a motion to strike count eight on the ground that it fails to state a claim upon which relief can be granted.
A motion to strike challenges the legal sufficiency of a pleading, or any count thereof, to state a claim upon which relief can be granted. Practice Book 152. When considering a motion to strike, the court admits all facts well pleaded; Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989); and construes the facts in the complaint most favorably to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1989); If the facts provable under the pleading would support any cause of action . . . then the motion to strike must be denied. Mingachos v. CBS Inc.,196 Conn. 91, 109, 491 A.2d 368 (1985).
"This court has long recognized a cause of action for tortious interference with contract rights or other business relations." (Citations omitted; internal quotation marks omitted.) Solomon v. Aberman, 196 Conn. 359,364, 493 A.2d 193 (1985). It is well settled that in order to sustain a cause of action for tortious interference with contractual relations, the plaintiff must plead and prove that the defendant acted with an improper motive. Robert S. Weiss Assoc's. Inc. v. Weiderlight, 208 Conn. 525, 536, 546 A.2d 216 (1988). "`This element may be satisfied by proof that the CT Page 2393 defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously.'" Id., quoting Blake v. Levy,191 Conn. 257, 261, 464 A.2d 52 (1983).
A plaintiff properly states a cause of action by alleging that the defendant intentionally interfered with a contractual relationship and the plaintiff, as a result, suffers an actual loss. (Emphasis added.) Human v. Endriss, 187 Conn. 374, 377, 446 A.2d 9 (1982). To be actionable, the interference with the alleged contract must be a knowing one and not an inadvertent or incidental one. Steele v. J S Metals, Inc., 32 Conn. Sup. 17,19, 335 A.2d 629 (1974).
In the present case, the plaintiff has alleged that the defendants, Thorne and Cleaves, acted intentionally in inducing defendant Munson to breach the alleged contract. The plaintiff alleges further that the interference was done with knowledge of the business relationship between the plaintiff and defendant Munson. Therefore, the plaintiff has properly plead an action for tortious interference with her contractual relationship. Accordingly, the defendants' motion to strike count eight is denied.
PICKETT, J.