JOHN SEZONOV *et al.*, Plaintiffs-Appellants, v. JOY A. WAGNER, Defendant-Appellee.

Second District Nos. 2—95—0081, 2—95—0096 cons.

Opinion filed August 11, 1995.

Gerald M. Sheridan, Jr., and Christina Lass, both of Sheridan & Associates, of Wheaton, for appellants.

Philip J. Ryan, of Ryan & Ryan, Ltd., of Waukegan, for appellee.

JUSTICE COLWELL delivered the opinion of the court:

Plaintiffs, John and Emily Sezonov, filed a complaint against defendant, Joy A. Wagner, for personal injuries John sustained in a car accident with defendant and for Emily's loss of consortium. Plaintiffs sought to recover damages for, *inter alia,* loss of sales and earnings from their pet store. The court granted summary judgment to defendant on this issue, barring plaintiffs from introducing such evidence at trial, and made a Supreme Court Rule 304(a) finding of appealability (see 155 Ill. 2d R. 304(a)). The trial court certified for appeal under Supreme Court Rule 308 (155 Ill. 2d R. 308) the follow-

ing question: whether plaintiffs are barred from presenting evidence for a claim of the lost profits or expenses incurred because of a 43-day delay in opening a new pet store, when the delay was caused by John's inability to work and the pet store was owned by an Illinois corporation of which John and Emily are the sole shareholders and officers. On plaintiffs' motion we consolidated the permissive interlocutory appeal with the Rule 304(a) appeal.

Plaintiffs' corporation, Sparrow, Inc. (Sparrow), owned and operated one pet store and was about to open another one, the Westview store, when the accident occurred. The original pet store had a full-time "animal care person" and an assistant manager. John was employed full-time as the manager of both stores. All of the funding of the corporation was through stock and shareholder loans from plaintiffs. Emily does bookkeeping for the corporation. The lease for the Westview store was individually guaranteed by plaintiffs as was a $120,000 line of credit for leasehold improvements and merchandise. The line of credit was secured by a mortgage on plaintiffs' home and by the assignment of an insurance policy on John's life.

The improvements to the Westview store began in July 1990 and continued under John's direct supervision. John's presence was required for supervising the installation of kennels and fish tanks. Before the September 7 accident, plaintiffs expected to open the Westview store on September 15, 1990. At the time of the accident, the "fish department" was not finished, the store had not been stocked, and John was in the process of hiring temporary help to clean the premises and stock the supplies. Because John was unable to drive to the Westview store, the completion of the improvements and the stocking of merchandise were delayed, so that the store did not open until November 7, 1990.

According to plaintiffs' accountant, the Westview store lost gross profits of $37,000 and net profits of $21,000 because of the delay. During the relevant period, plaintiffs' sole source of income had been funds paid to them by the corporation as repayment of shareholder loans and payment of salaries. Plaintiffs also averred that the loss of net profits reduced the value of their personal property (the ownership of Sparrow) and reduced the cash available to pay corporate obligations which had been individually guaranteed by plaintiffs.

For 1990, the corporation filed its own tax return, and any expenses incurred as a result of the delay in opening the Westview store would be charged to Sparrow and taken as a deduction to its corporate tax return. However, the corporation's accountant did not determine the net loss to the corporation from the delay and was unaware of the delay at the time he filed the tax return for the 1990 to

1991 fiscal year. Sparrow's accounts were kept separate from plaintiffs' personal accounts. When the Westview store opened, it had eight part-time employees. John spent half his time at each store. For the fiscal year ending in September 1991, plaintiffs received a combined salary of $12,000. In the prior year, John got no salary from Sparrow, nor did he receive a salary for 1991 to 1992, or 1992 to 1993.

Defendant's summary judgment motion was predicated on the argument that plaintiffs were not entitled to relief because the pet store was owned and operated by a corporation. The trial court granted summary judgment on the basis of *Zawadzki v. Checker Taxi Co.* (N.D. Ill. 1982), 539 F. Supp. 207. We agree with plaintiffs that the trial court's reliance on this case was misplaced. *Zawadzki* stands for the proposition that a corporation cannot sue for damages incurred as a result of the negligent injury of its employee. (*Zawadzki*, 539 F. Supp. at 208.) Here, Sparrow, the corporation, is not seeking to recover damages. Plaintiffs are seeking to recover damages resulting from John's personal injuries. Thus, *Zawadzki* is inapposite.

■ Plaintiffs contend that the loss of profits caused by the delay in opening the Westview store is a proper element of their damages. A plaintiff injured by a defendant's tortious act is entitled to recover all damages which flow from that act. (*Kritzen v. Flender Corp.* (1992), 226 Ill. App. 3d 541, 557.) Those damages include lost earnings. (*Kritzen*, 226 Ill. App. 3d at 556.) The measure of lost earnings is more complicated when the injured person is self-employed.

The court in *Robinson v. Greeley & Hansen* (1983), 114 Ill. App. 3d 720, discussed the similar issue of the determination of lost earning capacity when the plaintiff is self-employed. The court explained:

> "Generally, earnings which are derived from the combination of capital and labor should not be considered in determining the diminution of earning capacity. [Citation.] However, it has also been held that a jury may properly consider the profits which have been derived from plaintiff's management of or activity in a business, as distinguished from profits derived from invested capital." (*Robinson*, 114 Ill. App. 3d at 726.)

(See also *Zelinski v. Security Lumber Co.* (1985), 133 Ill. App. 3d 927, 934-35.) In *Robinson*, the court ruled that the trial court correctly excluded evidence of the profits of the plaintiff's incorporated business because the predominate factor of the business was the investment of significant capital; in addition, the business used the labor of others in performing critical functions. (*Robinson*, 114 Ill. App. 3d at 727.) We believe the principles of *Robinson* apply to the determina-

tion of lost earnings. See 25 C.J.S. *Damages* § 86 (1966) (applying the same principles to lost earnings).

■ Plaintiffs are not seeking to recover for all losses Sparrow incurred because of John's incapacity, only those which are the direct result of John's inability to work. If plaintiffs can prove that the Westview store was unable to open timely because John was unable to supervise the installation of the fish department and to hire temporary help, then they can recover damages resulting from the late opening. However, plaintiffs can recover only that money which they personally would have received from the corporation, *i.e.*, the earnings or wages lost. (See *Chicago Union Traction Co. v. Brethauer* (1906), 223 Ill. 521, 532-33 (evidence of the income of the plaintiff's business was admissible as the equivalent of salary or commissions).) The amount of lost profits of the Westview store is relevant to this determination and is therefore admissible in assessing damages for John's injuries and Emily's loss of consortium.

Finally, we decline to address plaintiffs' argument that they are entitled to recover for damage to their property (the value of the Sparrow stock), as the trial court did not rule on whether this damage was too remote. See *Obert v. Saville* (1993), 253 Ill. App. 3d 677, 683 (proximate cause exists where the injury is of a type that a reasonable person would see as likely to result from the negligent act).

Summary judgment is proper when the pleadings, depositions, and admissions on file reveal that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. (735 ILCS 5/2—1005(c) (West 1994).) Summary judgment is a drastic means of resolving litigation and should be allowed only when the right of the moving party to judgment is clear and free from doubt. (*Ralls v. Village of Glendale Heights* (1992), 233 Ill. App. 3d 147, 151.) We conclude that the trial court erred when it ruled, as a matter of law, that plaintiffs could not recover any damages arising from the delayed opening of the pet store. Thus, the order of summary judgment for defendant cannot stand.

The order of the circuit court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

GEIGER and BOWMAN, JJ., concur.